1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ALEX LAMOTA MARTI,                         No.  2:21-cv-01829 DB P

12                       Plaintiff,

13          v.                                    ORDER

14    TODD MANNING, et al.,

15                       Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18    U.S.C. § 1983.  Plaintiff claims defendants retaliated against him in violation of his First

19    Amendment rights and also violated his Eighth Amendment rights.  Plaintiff has paid the filing

20    fee for this action.  Presently before the court is plaintiff's complaint for screening.  (ECF No. 1.)

21          For the reasons set forth below, plaintiff will be given the option to proceed on his

22    cognizable claims or to be given leave to amend his complaint.

23                                       **SCREENING**

24    **I.      Legal Standards**

25          The court is required to screen complaints brought by prisoners seeking relief against a

26    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

27    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

28    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2  U.S.C. § 1915A(b)(1) & (2).

3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

9  the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

10  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

11  the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

12  544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13       However, in order to survive dismissal for failure to state a claim a complaint must

14  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

15  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

16  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

17  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

18  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

19  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20       The Civil Rights Act under which this action was filed provides as follows:

21           Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the deprivation
22           of any rights, privileges, or immunities secured by the Constitution .
             . . shall be liable to the party injured in an action at law, suit in equity,
23           or other proper proceeding for redress.

24
25  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

26  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

    Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A
27
    person 'subjects' another to the deprivation of a constitutional right, within the meaning of §
28

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

## III.    Allegations in the Complaint

At all relevant times, plaintiff was an inmate at Mule Creek State Prison ("MCSP").  (ECF No. 1 at 1.)  The complaint names as defendants employed by the California Department of Corrections and Rehabilitation ("CDCR"): (1) Correctional Sergeant Todd Manning; (2)

Correctional Lieutenant D. Pasioles; (3) Correctional Sergeant J. Canela; (4) Correctional Lieutenant T. Cooper; (5) Correctional Captain A. Avalos; (6) Associate Warden R. Roy; (7) Chief Deputy Warden B. Holmes; and (8) Correctional Officer S. La Rosa. (Id. at 2.)

In his complaint, plaintiff alleges the following: Plaintiff filed three grievances against defendant La Rosa on November 7, 2020, November 14, 2020, and December 5, 2020. (ECF No. 19-20.) Each of these grievances concerned defendant La Rosa failing to wear a mask over his nose and mouth. (Id.) The grievances were approved on review. (Id.) In response, defendant La Rose retaliated against plaintiff by waking plaintiff up "every night that [defendant La Rosa] worked during the 21:30 count." (Id. at 20.) Defendant La Rosa also conducted a "retaliatory cell search" on January 31, 2021. (Id. at 21.) Plaintiff filed a grievance but it was denied and defendant Manning "threatened plaintiff with disciplinary action" for falsifying documents. (Id.) This grievance denial was approved by defendant Holmes. (Id.)

At 9:30 p.m. on April 27, 2021, plaintiff was awakened by banging loud noises. (Id. at 10.) Plaintiff was later told by other inmates that defendant La Rosa had entered "the shower used by plaintiff" and removed plastic hooks from the walls using his baton. (Id.) Inmates also told plaintiff that defendant La Rosa was not wearing a mask at this time. (Id.) On April 29, 2021, plaintiff submitted an inmate grievance against defendant La Rosa complaining that defendant had damaged plastic hooks purchased by plaintiff and that defendant had violated COVID-19 protocol by not wearing a mask. (Id. at 12.) Plaintiff was served a Rules Violation Report ("RVR") issued by defendant Manning on May 14, 2021. (Id. at 13.) In the RVR, defendant Manning stated he reviewed plaintiff's inmate grievance but determined that plaintiff had falsified the document. (Id.) Specifically, defendant Manning claimed that he had reviewed a portion of surveillance video and determined that plaintiff's allegations were "dishonest and/or false." (Id. at 14.)

Defendants Canela and Cooper "read, reviewed, and approved" the May 14, 2021 RVR. (Id. at 14-15.) On May 17, 2021, plaintiff sent a "Form GA-22" to defendant Roy requesting that defendant review the RVR but did not receive a response. (Id. at 15.) Defendant Pasioles conducted the disciplinary hearing on the RVR. (Id. at 16.) During the hearing, defendant

4

Pasioles denied plaintiff's request for dismissal on First Amendment grounds and found plaintiff guilty.  (Id. at 16-17.)  As a penalty, defendant Pasioles "imposed a complete denial of all access to outdoor exercise (yard) for 60 days, a credit loss of 60 days, and 30 days loss of package privileges.  (Id. at 17.)  Defendant Avalos reviewed the hearing results and, after revisions, approved the findings.  (Id.)  Defendant Roy also reviewed the hearing results and approved them.  (Id. at 18.)

Plaintiff claims that defendants Manning, Pasioles, Canela, Cooper, Avalos, and Roy violated plaintiff's First Amendment rights by the issuance of the May 14, 2021 RVR.  (Id. at 9.)  Plaintiff also alleges that defendant La Rosa retaliated against him by searching his cell in violation of his First Amendment rights and violated his Eighth Amendment rights by denying plaintiff sleep and disregarding COVID-19 protocols.  (Id.)  Plaintiff further alleges that defendants Manning and Holmes violated First Amendment rights by threatening disciplinary action in response to plaintiff's grievances.  (Id.)  Finally, plaintiff claims that defendants Manning, Pasioles, Canela, Cooper, Avalos, and Roy violated the Eighth Amendment by denying plaintiff access to outdoor exercise for sixty days.  (Id.)

**IV.    Does Plaintiff State a Claim under § 1983?**

    **A.  Retaliation**

        **1.  Legal Standard**

"Of fundamental import to prisoners are their First Amendment rights to file prison grievances, and to pursue civil rights litigation in the courts. Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield."  Rhodes v. Robinson, 408 F.3d 559, 567 (citations, internal quotations, and footnote omitted) (9th Cir. 2005).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

1  exercise of his first amendment rights, and (5) the action did not reasonably advance a legitimate

2  correctional goal." Id. at 567-68.  A plaintiff who fails to allege a chilling effect may still state a

3  claim if he alleges that he suffered some other harm.  Id. at 568, n.11; see also Brodheim v. Cry,

4  584 F.3d 1262, 1269-71 (9th Cir. 2009).  The plaintiff must also plead facts that suggest an

5  absence of legitimate correctional goals for the conduct he contends was retaliatory.  Pratt v.

6  Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

7              **2. Defendant Manning**

8          Plaintiff claims that defendant Manning violated his First Amendment rights by

9  submitting an RVR against plaintiff in retaliation for plaintiff filing an inmate grievance.  (ECF

10  No. 1 at 13-14.)  Plaintiff also alleges that in response to other grievances plaintiff had filed

11  defendant Manning had previously threatened plaintiff with an RVR.  (Id. at 21.)

12          Plaintiff has alleged sufficient facts to state a First Amendment retaliation claim against

13  defendant Manning.  Under the facts in the complaint, the threat of rules violations and eventual

14  RVR in response to plaintiff's grievances satisfy the first three elements for a retaliation claim.

15  Rhodes, 408 F.3d at 567-68.  Plaintiff claims that these actions had a chilling effect on the

16  exercise of his First Amendment rights and there does not appear to be a correctional goal in

17  threatening plaintiff with a rules violation and issuing an RVR in response to plaintiff's

18  grievance.  Id.

19          Given the above, plaintiff has stated sufficient facts to state a First Amendment retaliation

20  claim against defendant Manning.

21       **3. Defendants Pasioles, Canela, Cooper, Avalos, and Roy**

22          Defendants Pasioles, Canela, Cooper, Avalos, and Roy were involved at different stages

23  of the review and that followed from the RVR submitted by defendant Manning.  Per the

24  complaint, defendants Canela and Cooper reviewed and approved the RVR  (ECF No. 1 at 14-

25  15), defendant Pasioles conducted the disciplinary hearing on the RVR (id. at 16), and defendants

26  Avalos and Roy reviewed and approved the results of the hearing (id. at 17-18).

27          Plaintiff has alleged at least minimally sufficient facts to state First Amendment retaliation

28  claims against these defendants.  The defendants review and approval of the May 14, 2021 RVR

and subsequent disciplinary hearing could be an adverse act in response to plaintiff's protected conduct of filing a grievance.  Rhodes, 408 F.3d at 567-68.  As stated earlier, such an RVR along with its subsequent penalties could certainly chill an inmate's speech and does not appear to serve a legitimate correctional goal.  Id.

Given the above, plaintiff has stated sufficient facts to state a First Amendment retaliation claim against defendants Pasioles, Canela, Cooper, Avalos, and Roy.

### 4. Defendant Holmes

Plaintiff claims that defendant Holmes retaliated against him for threatening disciplinary action in response to plaintiff's grievances.  (ECF No. 1 at 9.)  Plaintiff has not alleged sufficient facts to allege a retaliation claim against defendant Holmes.  Based on the allegations in plaintiff's complaint, defendant Holmes' involvement is limited to approving defendant Manning's denial of plaintiff's grievance.  (Id. at 22.)  Plaintiff claims that defendant Manning threatened plaintiff with disciplinary action for filing grievances and that defendant Holmes had somehow made the same threat by approving the denial.  (Id.)

As stated, these facts are not sufficient to show that defendant Holmes took adverse action against the plaintiff.  Rhodes, 408 F.3d at 567-68.  Under the facts plaintiff alleged, defendant Holmes's only involvement was in approving that plaintiff's grievance should be denied.  It is not apparent why defendant Holmes has performed an adverse act as a result of defendant Manning purportedly threatening the plaintiff.  Defendant Holmes also cannot be held responsible for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676.

Given the above, plaintiff has failed to allege sufficient facts to state a claim against defendant Holmes.  As plaintiff's complaint also states cognizable claims, plaintiff will be given the option to proceed only on those claims or to be given leave to amend his complaint.

### 5. Defendant La Rosa

Plaintiff's final First Amendment claim is against defendant La Rosa.  Plaintiff claims defendant La Rosa retaliated against him for filing grievances by conducting a retaliatory cell search and interrupting plaintiff's sleep.  (ECF No. 1 at 9.)

////

1    Plaintiff has alleged sufficient facts to state a retaliation claim against defendant La Rosa.

2    Plaintiff has alleged defendant took an adverse action against plaintiff in response to plaintiff

3    filing grievances.  Rhodes, 408 F.3d at 567-68.  As discussed above, this can also have a chilling

4    effect on plaintiff's protected activities.  Id.  Cell searches can be used to further legitimate

5    correctional goals.  See, e.g., Lewis v. Wagner, 14-cv-2264-WQH, 2016 WL 11281165, at *7

6    (S.D. Cal. June 7, 2016); Reed v. Tracy, 3:11–cv–00066–HDM–WGC, 2013 WL 6076460, at *4

7    (D. Nev. Nov. 18, 2013) ("appropriately performed inmate cell searches undeniably serve a

8    legitimate correctional goal").  However, plaintiff has alleged that defendant La Rosa solely

9    searched the cells of inmates who had filed grievances against him.  (ECF No. 1 at 21.)  If true,

10   this is sufficient to show that defendant La Rosa's search of plaintiff's cell did not serve to

11   advance a legitimate correctional goal.  Rhodes, 408 F.3d at 567-68.

12   Given the above, plaintiff has alleged sufficient facts in the complaint to state a First

13   Amendment retaliation claim against defendant La Rosa.

14          **B.  Eighth Amendment**

15   The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

16   Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

17   punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

18   Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

19   Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

20   and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

21   by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

22          **1.  Inmate Safety**

23   Under the Eighth Amendment, prison officials have a duty "to take reasonable measures

24   to guarantee the safety of inmates, which has been interpreted to include a duty to protect

25   prisoners."  Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing

26   Farmer, 511 U.S. at 832-33 and Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)).  To

27   establish a violation of this duty, a prisoner must "show that the officials acted with deliberate

28   ////

8

1  indifference to threat of serious harm or injury to an inmate." Labatad, 714 F.3d at 1160 (citing

2  Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

3       A failure to protect claim under the Eighth Amendment requires a showing that "the

4  official [knew] of and disregard[ed] an excessive risk to inmate... safety." Farmer, 511 U.S. at

5  837.  "Whether a prison official had the requisite knowledge of a substantial risk is a question of

6  fact subject to demonstration in the usual ways, including inference from circumstantial evidence,

7  . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very

8  fact that the risk was obvious." Id. at 842 (citations omitted).  The duty to protect a prisoner from

9  serious harm requires that prison officials take reasonable measures to guarantee the safety and

10  well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

11  As "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment,"

12  plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of

13  mind." Wilson, 501 U.S. at 297 (internal quotations marks, emphasis, and citations omitted).

14       Plaintiff claims that defendant La Rosa acted with deliberate indifference to plaintiff's

15  safety through "his intentional disregard of COVID-19 protocol". (ECF No. 1 at 9.)  In

16  particular, plaintiff claims that defendant La Rosa failed to wear a mask on a number of occasions

17  while inside plaintiff's dorm area. (Id. at 11, 19-20.)  However, plaintiff has not alleged any facts

18  which indicate that he was injured or placed at any significant risk of serious harm as a result of

19  defendant La Rosa's purported deliberate indifference.   As such, plaintiff has not alleged

20  sufficient facts to support a deliberate indifference claim. See Williams v. Wood, 223 Fed. Appx.

21  670, 671 (9th Cir. 2007) (citing Farmer v. Brennan, 511 U.S. 825, 843, (1994) (a plaintiff's

22  "speculative and generalized fears of harm" are not sufficient to show a substantial risk of serious

23  harm).

24              **2.  Outdoor Exercise**

25       The Ninth Circuit has found that "[d]eprivation of outdoor exercise violates the Eighth

26  Amendment rights of inmates confined to continuous and long-term segregation." Keenan v. Hall,

27  89 F.3d 1083, 1089 (9th Cir. 1996) (internal citation omitted).  The court has also recognized that

28  ////

1   outdoor exercise privileges may be restricted for disciplinary purposes.  LeMaire v. Maass, 12

2   F.3d 1444, 1458 (9th Cir. 1993); Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979).

3        Plaintiff claims that his outdoor exercise privileges were revoked for sixty days as a result

4   of an RVR accusing plaintiff of providing false information in an inmate grievance.  (ECF No. 1

5   at 9.)  Defendants may be able to show that a reasonable disciplinary justification exists for

6   restricting plaintiff's access to outdoor exercise for this period.  However, courts have regularly

7   permitted such claims to proceed on screening despite the possibility that defendants might have a

8   legitimate justification.  See Witkin v. Wise, 2:19-cv-0974-KJM-KJN-P 2019 WL 3530370, at *3

9   (E.D. Cal. Aug. 2, 2019); Underwood v. Cox, 1:16–cv–00597–AWI–EPG (PC), 2017 WL

10  6055828, *5 (E.D. Cal. Dec. 7, 2017) (findings and recommendations adopted by Underwood v.

11  Cox, 1:16–cv–00597–AWI-EPG (PC), 2018 WL 372359 (E.D. Cal. Jan. 11, 2018)); Thompson

12  v. Adams, 1:13–cv–00655–AWI-SKO, 2015 WL 1201353, at *4 (E.D. Cal. Mar. 16, 2015)

13  (findings and recommendations adopted by Thompson v. Adams, 1:13–cv–00655–AWI-SKO,

14  2015 WL 3603870 (E.D. Cal. Mar. 29, 2015).  Here, the court will similarly find that plaintiff has

15  alleged sufficient facts to state a claim on screening.  There may exist a legitimate penological

16  purpose for a sixty-day restriction of plaintiff's access to outdoor exercise.  However, this is a

17  fact-reliant question not suited for this stage of these proceedings.

18       Accordingly, plaintiff has alleged sufficient facts to state a claim for the deprivation of

19  outdoor exercise in violation of plaintiff's Eighth Amendment rights.

20                              **AMENDING THE COMPLAINT**

21       This court finds above that plaintiff's complaint states cognizable claims First

22  Amendment claims against defendants Manning, Pasioles, Canela, Cooper, Avalos, Roy, and La

23  Rosa, as well as cognizable Eighth Amendment claims against defendants Manning, Pasioles,

24  Canela, Cooper, Avalos, and Roy.  However, the plaintiff's complaint fails to state any other

25  cognizable claim.

26       Plaintiff will be given the option to proceed on his cognizable claims or to file an

27  amended complaint to state additional claims against the above defendants or any other

28  ////

1  defendant.  Any amended complaint must be complete in itself.  The court cannot refer to a prior

2  complaint to understand the plaintiff's claims.

3      If plaintiff chooses to file an amended complaint, he must address the problems with his

4  complaint that are explained above.  In an amended complaint plaintiff must clearly identify each

5  defendant and the action that defendant took that violated his constitutional rights.  The court is

6  not required to review exhibits to determine what plaintiff's charging allegations are as to each

7  named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the

8  complaint.  The charging allegations must be set forth in the amended complaint, so defendants

9  have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every

10  detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of

11  each claim.  See Fed. R. Civ. P. 8(a).

12      Any amended complaint must show the federal court has jurisdiction, the action is brought

13  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

14  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

15  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

16  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the

17  deprivation of a constitutional right if he does an act, participates in another's act, or omits to

18  perform an act he is legally required to do that causes the alleged deprivation).  "Vague and

19  conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

20  Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

21      In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

22  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

23  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

24  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

25      The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

26  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

27  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

28  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

1   set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)

2   ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

3   litigation on the merits of a claim."); Fed. R. Civ. P. 8.

4        An amended complaint must be complete in itself, without reference to any prior pleading.

5   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

6   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

7   evidentiary support for his allegations, and for violation of this rule, the court may impose

8   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

9                                **CONCLUSION**

10       For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED

11  as follows:

12   1.  Plaintiff's complaint states cognizable claims against defendants Manning, Pasioles,

13       Canela, Cooper, Avalos, Roy, and La Rosa for retaliation in violation of his First

14       Amendment rights.  It also states a cognizable Eighth Amendment claim against

15       defendants Manning, Pasioles, Canela, Cooper, Avalos, and Roy.

16   2.  The complaint fails to state any other cognizable claims or defendants.

17   3.  Plaintiff may choose to proceed on his cognizable claims set out above or he may choose

18       to amend his complaint.

19   4.  Within thirty (30) days of the date of this order plaintiff shall notify the court of how he

20       wishes to proceed.  Plaintiff may use the form included with this order for this purpose.

21   5.  Plaintiff is warned that his failure to comply with this order will result in a

22       recommendation that this action be dismissed.

23  Dated:  September 16, 2022

24

25

26                                                      _____
                                                        DEBORAH BARNES
27  DB:14                                                UNITED STATES MAGISTRATE JUDGE
    DB/DB Prisoner Inbox/Civil Rights/S/mart1829.scrn_not
28

1

2

3

4

5

6                            UNITED STATES DISTRICT COURT

7                        FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    ALEX LAMOTA MARTI,                          No.  2:21-cv-1829 DB P

10                   Plaintiff,

11         v.                                     PLAINTIFF'S NOTICE ON HOW TO
                                                  PROCEED
12    TODD MANNING, et al.,

13                   Defendants.

14

15   Check one:

16

17   _____    Plaintiff wants to proceed immediately on his First Amendment retaliation claims against

18           defendants Manning, Pasioles, Canela, Cooper, Avalos, Roy, and La Rosa and his Eighth

19           Amendment claim against defendants Manning, Pasioles, Canela, Cooper, Avalos, and

20           Roy.  Plaintiff understands that by going forward without amending the complaint he is

21           voluntarily dismissing all other claims and defendants.

22

23   _____    Plaintiff wants to amend the complaint.

24

25   DATED:_____          _____

26                                            Alex Lamota Marti
                                              Plaintiff pro se
27

28

                                              13