UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEX LAMOTA MARTI,

Plaintiff,

v.

TODD MANNING, et al.,

Defendants.

No.  2:21-cv-01829 SCR P

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has filed multiple discovery motions, all fully briefed, and all addressed below.  For the reasons set forth below, the court will:

1.  Grant in part and deny in part plaintiff's motion to compel on plaintiff's requests for production (RFP) Sets 1 and 2 (ECF No. 37);

2.  Grant plaintiff's motion to compel on plaintiff's RFPs Set 1, number 8 (ECF No. 41);

3.  Deny plaintiff's motion to compel on RFPs Set 5 (ECF No. 59);

4.  Deny plaintiff's motion to compel on RFPs Sets 3 and 4 (ECF No. 60);

5.  Deny plaintiff's a motion to compel concerning requests for admission (ECF No. 45);

6.  Grant plaintiff's motion to compel interrogatories (ECF No. 65); and

7.  Grant in part the motion to modify the discovery order (ECF No. 50).

////

1

1    8.  Deny plaintiff's motions for an extension of time (ECF No. 74) and to correct the docket

2        (ECF No. 75).

3    9.  Deny plaintiff's motion to supplement the record (ECF No. 84).

4    **I.    Background**

5         **A.  Procedural History**

6         After screening the complaint (ECF No. 1), the Court determined that plaintiff stated a

7    First Amendment retaliation claim (ECF No. 6 at 6-7), and a claim under the Eight Amendment

8    for the deprivation of outdoor exercise (id. at 10).  Plaintiff then filed many discovery motions, all

9    of which are addressed in this order.  Those include motions to compel further production under

10   multiple sets of RFPs, a motion to compel responses to interrogatories, and a motion to compel

11   further responses to requests for admission.

12        **B.  Allegations in the Complaint**

13        At all relevant times, plaintiff was an inmate at Mule Creek State Prison ("MCSP").  (ECF

14   No. 1 at 1.)  The complaint names as defendants employed by the California Department of

15   Corrections and Rehabilitation ("CDCR"): (1) Correctional Sergeant Todd Manning; (2)

16   Correctional Lieutenant D. Pasioles; (3) Correctional Sergeant J. Canela; (4) Correctional

17   Lieutenant T. Cooper; (5) Correctional Captain A. Avalos; (6) Associate Warden R. Roy; (7)

18   Chief Deputy Warden B. Holmes; and (8) Correctional Officer S. La Rosa.  (Id. at 2.)

19        In his complaint, plaintiff alleges the following: Plaintiff filed three grievances against

20   defendant La Rosa in late 2020.  (ECF No. 1 at 19-20.)  Each of these grievances concerned

21   defendant La Rosa failing to wear a mask over his nose and mouth.  (Id.)  The grievances were

22   approved on review.  (Id.)  In response, defendant La Rosa retaliated against plaintiff by waking

23   plaintiff up "every night that [defendant La Rosa] worked during the 21:30 count."  (Id. at 20.)

24   Defendant La Rosa also conducted a "retaliatory cell search" on January 31, 2021. (Id. at 21.)

25   Plaintiff filed a grievance, but it was denied and defendant Manning "threatened plaintiff with

26   disciplinary action" for falsifying documents.  (Id.)  This grievance denial was approved by

27   defendant Holmes.  (Id.)

28   ////

At 9:30 p.m. on April 27, 2021, plaintiff was awakened by banging loud noises.  (Id. at 10.)  Plaintiff was later told by other inmates that defendant La Rosa had entered "the shower used by plaintiff" and removed plastic hooks from the walls using his baton.  (Id.)  Inmates also told plaintiff that defendant La Rosa was not wearing a mask at this time.  (Id.)  On April 29, 2021, plaintiff submitted an inmate grievance against defendant La Rosa complaining that defendant had damaged plastic hooks purchased by plaintiff and that defendant had violated COVID-19 protocol by not wearing a mask.  (Id. at 12.)  Plaintiff was served a Rules Violation Report ("RVR") issued by defendant Manning on May 14, 2021.  (Id. at 13.)  In the RVR, defendant Manning stated he reviewed plaintiff's inmate grievance but determined that plaintiff had falsified the document.  (Id.)  Specifically, defendant Manning claimed that he had reviewed a portion of surveillance video and determined that plaintiff's allegations were "dishonest and/or false."  (Id. at 14.)

Defendants Canela and Cooper "read, reviewed, and approved" the May 14, 2021 RVR.  (Id. at 14-15.)  On May 17, 2021, plaintiff sent a "Form GA-22" to defendant Roy requesting that defendant review the RVR, but did not receive a response.  (Id. at 15.)  Defendant Pasioles conducted the disciplinary hearing on the RVR.  (Id. at 16.)  During the hearing, defendant Pasioles denied plaintiff's request for dismissal on First Amendment grounds and found plaintiff guilty.  (Id. at 16-17.)  As a penalty, defendant Pasioles "imposed a complete denial of all access to outdoor exercise (yard) for 60 days, a credit loss of 60 days, and 30 days loss of package privileges." (Id. at 17.)  Defendant Avalos reviewed the hearing results and, after revisions, approved the findings.  (Id.)  Defendant Roy also reviewed the hearing results and approved them.  (Id. at 18.)

Plaintiff claims that defendants Manning, Pasioles, Canela, Cooper, Avalos, and Roy violated his First Amendment rights by the issuance of the May 14, 2021 RVR.  (Id. at 9.)  Plaintiff also alleges that defendant La Rosa retaliated against him by searching his cell in violation of his First Amendment rights.  (Id.)  Plaintiff further alleges that defendant Manning violated First Amendment rights by threatening disciplinary action in response to plaintiff's grievances.  (Id.)  Finally, plaintiff claims that defendants Manning, Pasioles, Canela, Cooper,

3

Avalos, and Roy violated the Eighth Amendment by denying plaintiff access to outdoor exercise for sixty days.  (Id.)

MOTIONS TO COMPEL

**I.  Legal Standards**

**A.  Discovery**

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).  "Relevance for purposes of discovery is defined very broadly."  Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998).  However, relevance alone is not sufficient to obtain discovery— "discovery must also be proportional to the needs of the case."  In re Bard IVC Filters Prods. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016).  The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."  United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).

**B.  Motion to Compel**

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action.  McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted).

### C. Official Information Privilege

Multiple of defendants' objections concern the official information privilege.  "Federal common law recognizes a qualified privilege for official information.  Government personnel files are considered official information."  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (citations omitted).  To determine whether to order disclosure of "official information," courts "weigh the potential benefits of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars discovery."  Id.  In the context of civil rights action, "this balancing approach is moderately 'pre-weight[ed] in favor of disclosure.'"  Bryant v. Armstrong, 285 F.R.D. 596, 604 (S.D. Cal. 2012) (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987)) (alteration in original).

This court's duty to balance the parties' interests in disclosure are triggered when the party opposing disclosure makes a "substantial threshold showing."  Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (quoting Kelly, 114 F.R.D. at 669).  That opposing party must furnish a declaration or affidavit at the time it files and serves its responses to the discovery requests from a responsible official with personal knowledge of the matters to be attested to in the affidavit.  Id.; Kelly, 114 F.R.D. at 669; see also Stevenson v. Blake, No. 11-103 LAB WVG, 2012 WL 3282892, at *2 (S.D. Cal. Aug. 10, 2012).  The declaration must include: "(1) an

affirmation that the agency generated or collected the material in issue and has maintained its confidentiality"; "(2) a statement that the official has personally reviewed the material in question"; "(3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer"; "(4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests"; and "(5) a projection of how much harm would be done to these interests if disclosure were made." Soto, 162 F.R.D. at 613 (citing Kelly, 114 F.R.D. at 670). "A strong affidavit would also describe how the plaintiff could acquire information of equivalent value from other sources without undue economic burden." Id.

"If the withholding party does not meet this initial burden, the court will order disclosure of the documents; if the party meets this burden, the court generally conducts an *in camera* review of the material and balances each party's interests." Davis v. Schneider, No. 2:18-cv-01910 VBF MAA, 2020 WL 9074713, at *7 (C.D. Cal. Dec. 18, 2020) (citing Soto, 162 F.R.D. at 613; Kelly, 114 F.R.D. at 671).

## II.     Motion to Compel on RFP Sets 1 and 2 (ECF Nos. 37, 41).

Plaintiff served RFPs on defendants on September 23, 2023 and on October 12, 2023, which he names Set 1 and Set 2. (ECF No. 37 at 2.) Plaintiff filed a motion to compel further production under Set 1, numbers 1-7, 9, 10-12, 14, 16, and Set 2, numbers 1 and 2. (ECF No. 37.) Plaintiff argues that defendants' responses are inadequate and evasive, and that defendants improperly asserted the official information privilege for many of the requests. (ECF No. 37 at 12.) According to plaintiff, defendants' "responses are deficient because plaintiff's requests are attempting to discover relevant documents." (Id.)

Defendants opposed the motion, arguing that they "either produced the documents at issue" or "appropriately objected and withheld documents" that were irrelevant and overbroad. (ECF No. 43 at 1.) Defendants have produced a privilege log and declaration from MCSP Litigation Coordinator Santos in support of their claim of official information privilege over certain documents plaintiff requested. (Id. at 11-13; ECF No. 43-1.)

6

1    Plaintiff filed another motion to compel, this one to compel further production under Set 1,

2    number 8.  (ECF No. 41.)  Plaintiff seeks video footage consisting of fifteen video files from

3    April 27, 2021.  (Id. at 5.)  He argues that the footage is relevant and that defendants did not

4    produce the footage.  (Id. at 5-6.)  Defendants opposed the motion, arguing that they timely

5    produced the video footage and plaintiff had meaningful opportunity to review the files.  (ECF

6    No. 44 at 1-2.)

7           **A.  Analysis**

8                **1.  Official Information Privilege**

9           Defendants raise the official information privilege ("OIP") in response to all but three of

10   the RFPs at issue.  Of these RFPs purportedly covered by the OIP, defendants have listed

11   documents in their privilege log from RFPs 1, 2, 3, 4, 10, 11 in Set 1, and RFPs 1 and 2 in Set 2.

12   Defendants submit the declaration of D. Santos, the Litigation Coordinator at MCSP, together

13   with a privilege log, in support of their invocation of the OIP.  (ECF No. 37-1 at 54-60.)  Santos

14   states the contested documents contain confidential information that, if disclosed, "could

15   endanger the safety of staff and inmates, reveal internal and confidential investigative techniques

16   and processes, and potentially jeopardize the security of the institution."  (Id. at 55.)  The

17   documents contain inmate appeal inquiries and investigative reports, that "must be kept

18   confidential from inmates in order to protect the safety and security of the staff and the third party

19   privacy of inmates."  (Id.)  Santos stated that if the documents are disclosed to an inmate, "there is

20   a substantial danger that the information could be distributed throughout the prison population

21   and could be used to cause harm to staff."  (Id.)  When investigations into misconduct are kept

22   confidential, "witnesses are encouraged to make truthful statements, and investigators, who are

23   assured to the confidential nature of the proceedings, are encouraged to accurately report their

24   findings."  (Id. at 56.)  Confidential investigation reports could also "educate inmates about

25   CDCR's investigatory techniques and could potentially hamper or impede future investigations."

26   (Id.)  Disclosing an inmate's prison record, which contains private information, could be misused

27   or inappropriately circulated if obtained by another inmates, endangering inmate and staff safety.

28   (Id.)  Further, CDCR employees are subject to false accusations and the information could be

used to allow for more detailed accusations.  (Id.)  Santos also stated that a protective order would not be sufficient because other inmates that are not subject to the order could obtain the confidential documents and distribute them throughout the prison.  (Id. at 57.)

This declaration meets the "substantial threshold showing" required to invoke the OIP. Kelly, 114 F.R.D. at 669.  However, before the court orders an *in camera* review, plaintiff must prove: "(1) how the requested information is relevant to the litigation or is reasonably calculated to lead to the discovery of admissible evidence; (2) the interest that would be harmed if the material were not disclosed; and (3) how that harm would occur and how extensive it would be." Dickson v. Gomezu, No. 1:17-cv-00294 ADA BAM P, 2023 WL 6213624, at *4 (citing Kelly, 114 F.R.D. at 670-71).  As discussed below, the court finds that plaintiff has met this burden with respect to the RFPs Set 1, numbers 1 and 2, and Set 2, numbers 1 and 2.  For the other RFPs at issue, even if defendants had not met the requirements to assert the official information privilege, disclosure would not be appropriate.

### 2.  Plaintiff's Requests for Production Set 1, Nos. 1 and 2; and Set 2, Nos. 1 and 2.

#### a.  Plaintiff's Requests

Plaintiff seeks an order compelling production of documents consisting of inmate grievances (in RFP No. 1 of Set 1), inmate grievances processed as staff misconduct complaints (in RFP No. 2 of Set 1), inmate grievances related to appeals (in RFP No. 1 of Set 2), and inmate grievances processed as staff misconduct complaints relate to appeals (in RFP No. 2 of Set 2) that were filed against all defendants within the ten years prior to the claims at issue that involve "retaliation, retaliation for filing grievances, retaliatory cell searches, retaliation for filing civil actions, destruction of evidence, any form of harassment, destruction of personal property as retaliation, retaliatory issuance of Rules Violation Reports ("RVR") in retaliation for filing grievances and or staff misconduct complaints."  (ECF No. 37-1 at 13.)  Beyond the OIP, defendants objected to these requests as not directed at any party, "compound, vague, ambiguous, and overbroad," and irrelevant.  (ECF No. 43-2 at 2.)

**b. Arguments**

Plaintiff argues that defendants' responses to RFP Set 1, numbers 1 and 2 are deficient because the privilege log lists 24 documents related to grievances filed by third party inmates that are relevant to his claim and that could be redacted. (ECF No. 37 at 12-13.) Plaintiff states that the documents "would show the exact same pattern of behavior that [Evidence Code section] 404(b) makes admissible." (Id. at 13.) Plaintiff makes the same arguments for RFP Set 2, numbers 1 and 2. (ECF No. 43-2 at 32, 34.)

Defendants object,[1] arguing that plaintiff's claim is narrow in scope, the staff complaints are unrelated to plaintiff's claim, and that plaintiff's argument that the grievances are relevant under Federal Rules of Evidence 404(b) is incorrect. (ECF No. 43 at 6-7.) Defendants also argue that they properly asserted the OIP, and that plaintiff's request for grievances filed against defendants from other prisons are overly burdensome and not proportional to the case. (Id.; ECF No. 43-2 at 4.)

**c. Analysis**

Defendants' objections that plaintiff is seeking records as impermissible character evidence are overruled. See Villery v. Crounse, No. 1:18-cv-1623 NONE SKO P, 2021 WL 5040379, at *4 (E.D. Cal. Oct. 29, 2021) (granting motion to compel inmate appeals classified as staff complaints filed by inmates other than plaintiff). "Information within th[e] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Additionally, while character evidence may not be admissible at trial, admissibility is not the test for discovery because that evidence may be admissible for other purposes. Taylor v. O'Hanneson, No. 1:11-cv-00538 LJO SAB PC, 2014 WL 2696585, at *5 (E.D. Cal. June 13, 2014). "Courts generally order production of complaints that involve allegations of similar incidents or allegations of dishonesty." Whitely v. CDCR, No. 2:18-cv-01103 RGK AGR, 2021 WL 840067, at *2 (C.D. Cal. Jan. 29, 2021). Plaintiff's request for inmate grievances and appeals

---

[1] Defendants object to almost every request on the grounds that the requests are not directed to any party as required under Fed. R. Civ. P. 34(a)(1)(A). However, plaintiff provides a list of "definitions" that define "you" and "your" to mean "defendants and anyone purporting to act on their behalf." (See, e.g., ECF no. 37-1 at 10.) The court finds this to be sufficiently clear.

9

1    is appropriate as they relate to other incidents of retaliation.

2         However, the court agrees that records from other prisons are not proportionate to the

3    needs of the case, and would be unduly burdensome for defendants to produce.  See Gleason v.

4    California Dept. of Corrections & Rehabilitation, No. 2:20-cv-00775 KJM CKD P, 2021 WL

5    4061653, at *4 (E.D. Cal. Sept. 7, 2021) ("[P]laintiff has not met his burden of demonstrating

6    how any documents from a different prison are relevant to his claim against defendant . . . while

7    employed at [a different prison].").  The request is therefore limited to documents relating to

8    grievances that occurred in the prison where the alleged constitutional violations against plaintiff

9    took place.

10        Since this motion would otherwise be granted subject to the limitations above, the court

11   next addresses the privileges asserted by defendants.  Defendants' privilege log asserts the

12   following privileges: (1) the OIP; (2) California Code of Regulations, Title 15 § 3370; and (3)

13   California Constitution article I, section 1.  (ECF No. 37-1 at 63.)  "State privilege doctrine,

14   whether derived from statutes or court decisions, is not binding on federal courts in these kinds of

15   cases."  Kelly, 114 F.R.D. at 655-56.  Accordingly, the court need not address the two privileges

16   asserted in the privilege log based on California law.

17        As stated above, defendants met their threshold showing that the requested information is

18   subject to the OIP.  The court must now review the requested documents in order to determine

19   whether a carefully crafted protective order could protect the security interests discussed in the

20   Santos declaration.  Accordingly, defendants are ordered to electronically submit the documents

21   to the court for in camera review.  After reviewing the documents, the court will issue a final

22   order regarding plaintiff's access to these documents.

23        Defendants also argue that these documents should not be disclosed because disclosure

24   would violate the privacy interests of third parties.  The court will consider the privacy concerns

25   raised by defendants during the in camera review of the documents.

26   ////

27   ////

28   ////

### 3.  Plaintiff's RFPs No. 3 and 4

#### a.  RFP No. 3

Any and all documents in YOUR possession that refer or relate to the specific duties for a correctional officer assigned to the jobs of building officer or floor officer and security patrol officer during the hours of 14:00 and 22:00 referred as Third Watch at MCSP Facility E between November 2020 and July 2021, including but not limited to the specific duties of conducting institutional counts, and Dorm searches, and any and all documents that refer or relate to COVID- 19 protocols.

(ECF No. 43-2 at 6.)

#### b.  RFP No. 4

Any and all documents in YOUR possession that refer or relate to the specific duties for correctional sergeant, correctional lieutenant, correctional captain, and associate warden at MCSP Facility E between November 2020, and July 2023, including but not limited to the specific duties of monitoring inmates and staff through the Audio Visual Surveillance System ("AVSS") screen monitors and preserving, producing, and reviewing the recorded data; reviewing, classifying, and approving Rules Violations Reports; investigating grievances and staff misconduct complaints at all levels, and conducting disciplinary hearings as hearing officer and senior hearing officer.

(ECF No. 43-2 at 9.)

After meeting and conferring, plaintiff specified that he is requesting "post orders" for both requests.  (ECF No. 43-2 at 8, 10.)

Defendants object on the grounds that these RFPs are compound, vague, ambiguous, and overboard in scope and subject matter; irrelevant; and involve the OIP.  (ECF No. 43-2 at 6-7, 10.)  Notwithstanding these objections, defendants also produced certain documents.  (Id. at 6-7, 10.)  Defendants also asserted the OIP regarding the post orders specifically.  (Id. at 8, 10.)

#### c.  Arguments

Plaintiff argues that these documents are relevant because defendant La Rosa used the institutional count to wake plaintiff up at night in retaliation for filing grievances.  (ECF No. 37 at 14.)  Plaintiff also argues that post orders were produced in another case so they should be produced here.  (ECF No. 43-2 at 7-8.)  Defendants assert that the documents are irrelevant and subject to the OIP.  (ECF No. 43-2 at 8.)

11

#### d.  Analysis

Here, plaintiff has failed to demonstrate why the requested documents are relevant to his claim.  Fed. R. Civ. P. 26(b)(1).  Plaintiff's claim involves alleged retaliation for filing a grievance against defendant La Rosa.  Plaintiff has not demonstrated why post orders, the Department Operation Manual on institutional count, or the AVSS FAQ are relevant to his claim.  Therefore, the motion to compel RFPs 3 and 4 is denied.

#### 4.  Plaintiff's RFPs Nos. 5 and 6.

##### a.  RFP No. 5

Any and all documents in YOUR possession that refer or relate to all cell or dorm searches conducted by defendant S. LA ROSA at MCSP Facility E Building ("E-21") between November 2020 and July 2023, including but not limited to Standard Cell Search Slips, Standard Cell Search Log entries, confiscation of contraband slips, Facility E Building 21 Log Book.

(ECF No. 43-2 at 11.)

Defendants object on the grounds that these RFPs are compound, vague, ambiguous, and overboard in scope and subject matter; irrelevant; and involve the OIP.  (ECF No. 43-2 at 11-12.) Defendants also state that they have no way of collecting cell search logs and contraband slips related to a specific staff member.  (Id. at 11-12.)

##### b.  Plaintiff's Request No. 6.

Any and all documents in YOUR possession that refer or relate to any and all Rules Violation Reports ("RVR") issued by defendant S. LA ROSA to any and all inmates housed at Facility E building 21 between 2020 and July 2021, including but not limited to counseling chronos.

(ECF No. 43-2 at 13.)

Defendants object on the grounds that these RFPs are compound, vague, ambiguous, and overboard in scope and subject matter; irrelevant; and involve the OIP.  (ECF No. 43-2 at 13-14.) Notwithstanding these objections, defendants also state that they have no way to collect RVRs issued by a specific staff member.  (ECF No. 43-2 at 14.)

##### c.  Arguments

Plaintiff argues that defendant falsely stated that they had no way to collect cell search logs for specific staff members and that cell search slips are filed in the "Housing Unit Binder."

1  (ECF No. 37 at 14; ECF No. 43-2 at 12.)  Plaintiff also argues that the time period is appropriate

2  because it corresponds to the time defendant La Rosa worked at the MCSP Facility.  (ECF No.

3  43-2 at 12.)  Plaintiff requests that the court impose sanctions on defendants for their false

4  statement.  (Id.)  Defendant argues that the documents cannot be collected for specific staff

5  members and that the retention policy for these documents is one year and there was no indication

6  that the documents should have been preserved for litigation, so the documents do not exist.  (Id.

7  at 13.)

8  ### d.  Analysis

9        Defendants state that they do not have the documents plaintiff requested because the

10 retention policy is one year.  A party cannot be compelled to produce what they do not have.  See

11 Henderson v. Lizzaraga, No. 2:18-cv-2181 JAM DMC P, 2020 WL 4495960, at *3 (E.D. Cal.

12 Aug. 4, 2020).  Plaintiff has also not demonstrated why the documents are relevant to his claim.

13 Therefore, plaintiff's motion to compel RFPs 5 and 6 will be denied.

14       Plaintiff's request for sanctions will also be denied.  The district court has wide discretion

15 to impose discovery sanctions under Federal Rule of Civil Procedure 37.  Yeti by Molly, Ltd. v.

16 Deckers Outdoor Corp., 259 F.3d 1101, 1105-06 (9th Cir. 2001).  Plaintiff has not provided

17 convincing evidence that defendant LaRosa is being untruthful in this case, and defendant states

18 that there are no documents available.

19 ### 5.  Plaintiff's RFPs Nos. 7, 11, 16.

20 #### a.  RFP No. 7

21 Any and all documents in YOUR possession that refer or relate to any and all
   Rules Violations Reports ("RVR") issued by defendant D. PASIOLES to any and

22 all inmates for "Falsification of document not affecting term" California Code of
   Regulations Section 3021, including but not limited to any other similar charge

23 raising allegations emanating from the filing of an inmate grievance or staff
   misconduct complaint, for all incidents and or claims occurring no more than ten

24 years prior to the claims at issue in this civil action to and including the date of this
   request.

25

26 (ECF No. 43-2 at 16.)

27 ////

28

1

**b.  RFP No. 11**

2      This RFP is the same as RFP No. 7, above, but requests such documents for

3   defendant Todd Manning.  (ECF No. 43-2 at 23.)

4

**c.  RFP No. 16**

5

> Any and all DOCUMENTS IN your POSSESSION THAT REFER OR RELATE
> TO Rules Violation Report ("RVR") Log number . . . issued to [third-party
> inmate] by defendant S. LA ROSA for a violation . . . for the specific act of
> Disobeying an Order, including but not limited to any and all documents presented
> at the hearing and any and all documents prepared by Senior Hearing Officer
> defendant D. Pasioles at the hearing held on January 6, 2021, and the review and
> findings made by Chief Disciplinary Officer defendant R. ROY on January 12,
> 2021.

6

7

8

9

10   (ECF No. 43-2 at 27-28.)

11

**d.  Arguments**

12      Defendants object on the grounds that these RFPs are compound, vague, ambiguous, and

13   overboard in scope and subject matter; irrelevant; and involve the OIP.  (ECF No. 43-2 at 16-17,

14   23-24, 29.)  Notwithstanding these objections, defendants state that they do not have a way to

15   collect RVRs issued by a specific staff member.  (ECF No. 43-2 at 17, 24.)  They state that this

16   would require searching every inmate within CDCR's central file which is unduly burdensome

17   and not proportional to the needs to the case.  (Id.)  Regarding RFP 11, in defendants' response,

18   they stated that they did perform a search for defendant Manning and found one RVR, but

19   asserted that it is irrelevant.  (Id. at 24.)  Regarding RFP 16, defendants argue that the RVR for

20   another specific inmate is not relevant and would have no bearing on this case.  (Id. at 30.)  In

21   turn, plaintiff argues that the third party inmate provided plaintiff with a copy of the disciplinary

22   hearing results for this RVR, so the inmate waived confidentiality.  (Id. at 29.)

23

**e.  Analysis**

24      Plaintiff has not demonstrated why these RVRs are relevant to plaintiff's retaliation claim.

25   Further, request numbers 7 and 11 are overbroad and burdensome, as they are for "any and all

26   inmates" for the past ten years, and not limited to the prison where the incident took place.

27   Gleason, 2021 WL 4061653, at *4.  The motion to compel will be denied as to RFPs 7, 11, and

28   16.

14

1

### 6.  Plaintiff's RFP No. 8 (ECF No. 41.)

2

#### a.   RFP No. 8.

3
4

Any and all documents in YOUR possession that refer or relate to the Audio Video Surveillance System ("AVSS") recorded data of Facility E Building 21, D Pod from April 27, 2021 between 2100 to 2300 hours, including but not limited to the CDCR 1027 FORM submitted to preserve and review the video footage.

5

6

(ECF No. 41 at 10.)

7       Defendants object on the grounds that this RFP is compound, vague, ambiguous, and

8    overboard in scope and subject matter; and irrelevant.  (ECF No. 41 at 10-11.)  Notwithstanding

9    these objections, defendants produced 15 video files.  (ECF No. 41 at 10-11.)

10                              **b.   Arguments**

11       Plaintiff first argues that defendants did not produce the videos (ECF No. 41 at 1),

12   however he also states that he was allowed to view the footage (id. at 3).  In his reply, he clarifies

13   that he did not have meaningful review of the video footage provided because he was forced to

14   watch the footage in thirty minutes with two defense attorneys present.  (ECF No 51-1 at 1-3.)

15   Defendants argue that they provided the footage to plaintiff in an appropriate format and plaintiff

16   viewed it.  (ECF No. 44.)

17                              **c.   Analysis**

18       Federal Rule of Civil Procedure 34 allows parties to request that electronically stored

19   information be "translat[ed]" into a form that is "reasonably usable," Fed. R. Civ. P. 34(a)(1)(A),

20   but "a party cannot be compelled to create . . . documents solely for their production," Foster v.

21   Russell, 2021 WL 6500721, at *2 (E.D. Cal. Dec. 20, 2021) (citation omitted).  It does not appear

22   that defendant is objecting to a certain format of production, but rather objecting because plaintiff

23   has already viewed the footage.  "'Reasonably usable' means, in this context, that plaintiff must

24   be afforded both a meaningful opportunity to review the videos and a means of filing the footage

25   with the court if he intends to rely on it in subsequent proceedings." Id., at *2 n.1.

26       Because plaintiff does not have a copy of the footage that may be required for trial, the

27   motion to compel the production of the fifteen video files is granted and defendants are instructed

28   to provide plaintiff with a "reasonably usable" copy of the footage.

1

### 7.  Plaintiff's RFP Nos. 9 and 12.

2

#### a.  Plaintiff's Request No. 9

3

Any and all documents in YOUR possession that refer or relate to the retention, or requests for Audio Video Surveillance System ("AVSS") evidence of defendant S. LA ROSA during the performance of his duties at MCSP Facility E 21 between November 2020, and July 2021 including but not limited to CDCR 1027 Forms concerning said video footage and audio recordings.

4

5

6

(ECF No. 43-2 at 18.)

7

#### b.  Plaintiff's Request No. 12.

8

Any and all documents in YOUR possession that refer or relate to the retention, or requests for retention and or production of any and all Audio Visual Surveillance System ("AVSS") evidence such as any and all video footage of defendant S. LA ROSA as the result of any and all grievances and or staff misconduct complaints filed by any and all inmates while defendant S. LA ROSA was employed as a correctional officer at MCSP Facility E between November 2020, and July 2023, including but not limited to any documents generated to cause the preservation and or production of any and all video footage evidence.

9

10

11

12

13

(ECF No. 43-2 at 25.)

14

Defendants object to both requests as compound, vague, and overbroad in scope and

15

subject matter, and disproportionate to the needs of the case.  (ECF No. 43-2 at 18, 25.)

16

Regarding RFP No. 12, defendants also object on the basis of the OIP.  (Id. at 25.)

17

#### c.  Arguments

18

Plaintiff argues that this video footage is relevant to demonstrate that it was a common

19

occurrence to see defendant La Rosa violating the mask mandate.  (Id. at 19.)  Defendants claim

20

that plaintiff is requesting the information to use as impermissible character evidence, but also

21

state that after a diligent search, they have no responsive documents.  (Id. at 18, 25.)

22

#### d.  Analysis

23

The court denies the motion as to RFP Nos. 9 and 12 because defendant has already

24

produced relevant video footage from the date of the incident (id. at 20), and other incidents

25

where defendant La Rosa may or may not have been wearing a mask are not relevant to this

26

claim.  While it can be appropriate to produce character evidence on discovery, here it is

27

unnecessary because there is already video footage from April 27, 2021 showing defendant La

28

Rosa wearing a mask.  Further, defendants could not locate other video footage, and defendants are not required to produce what they do not have.

### 8.  Plaintiff's RFP No. 14

#### a.  Plaintiff's Request No. 14

Any and all documents in YOUR possession that refer or relate to MCSP Facility E Building 21 Log book for the entries made for April 27, 2021 between the hours of 14:00 and 23:00 PM.

(ECF No. 43-2 at 26.)

Defendants object saying that the request is compound, vague, and overbroad in scope and subject matter, and disproportionate to the needs of the case.  (Id. at 26-27.)  Defendants also state that there are no responsive documents available.  (Id.)

#### b.  Arguments

Plaintiff argues that that log book he is requesting exists and that defendants' response is therefore evasive and false.  (Id. at 27.)  Defendants argue that they conducted a diligent search and found no responsive documents.  (Id.)

#### c.  Analysis

The motion to compel as to RFP 14 will be denied.  Plaintiff has not shown why these documents are relevant to his claim, and defendants claim they do not have the documents. Defendants cannot produce what they do not have.

Plaintiff's motion to compel (ECF No. 37) is granted in part and denied in part.

### III.   Motion to Compel on RFPs Set 5 (ECF No. 59).

Plaintiff served Set 5 of his RFPs on defendants on January 11, 2024.  (ECF No. 59.)  In his motion to compel concerning Set 5 (ECF No. 59), plaintiff argues that defendant did not respond to the request.  Plaintiff alleges that defendants did not respond within 60 days after the request was mailed on January 11, 2024.[2]  (Id. at 6.)

Defendants oppose the motion, arguing that they did not correctly calendar the due date and failed to timely respond.  (ECF No. 68 at 1.)  Defendants also state that they have now

---

[2]  Plaintiff also discusses some deficiencies with RFA Set 3, that he served on defendants.  (ECF No. 59 at 3.)  However, plaintiff makes no further argument and does not request further responses for Set 3.

1    responded and did not withhold documents as a result of any objections.  (Id. at 3.)

2        Plaintiff replied, arguing that defendants' objections should be overruled as untimely and

3    defendants should be sanctioned.  (ECF No. 59 at 1-2.)

4        **A. Analysis**

5        Plaintiff's motion to compel (ECF No. 59) will be denied.  When a party is untimely in

6    their response, they waive any objections.  Richmark Corp. v. Timber Falling Consultants, 959

7    F.2d 1468, 1473 (9th Cir. 1992).  However, here defendant only objected to one request, where

8    no responsive documents were produced.

9        Further, plaintiff's request for sanctions for defendants' untimely response will also be

10   denied.  Defendants' counsel said their untimely response was because they neglected to calendar

11   the due date.  (ECF No. 68.)  Because of the significant quantity of discovery requests and

12   discovery motions filed by plaintiff in this case, the court finds good cause for the delay and

13   denies sanctions.

14   **IV.    Motion to Compel on RFPs Sets 3 and 4 (ECF No. 60).**

15       Plaintiff served RFPs Sets 3 and 4 on defendants on December 28, 2023.  (ECF No. 60-2 at 9,

16   16.)  Plaintiff moves to compel further production of documents in RFPs Sets 3 and 4.  (ECF No.

17   60).  Plaintiff argues that defendants inappropriately asserted the OIP when they objected to

18   plaintiff's requests.  (Id. at 10-11.)  Defendants oppose the motion, arguing that either no

19   documents existed, or they produced all documents.  (ECF No. 83 at 2-4.)

20       **A. RFP Set 3**

21   Any and all documents in YOUR possession from DEFENDANTS TODD
     MANNING; D. PASIOLES; J. CANELA; T. COOPER; A. AVALOS; R. ROY;
22   AND S. LA ROSA'S personnel files that refer or relate to: (1) administrative
     findings of misconduct involving dishonesty, (2) administrative findings of
23   misconduct involving retaliation against inmates for filing grievances, (3)
     administrative findings of misconduct involving the filing of false reports, (4)
24   administrative findings of misconduct involving the destruction of inmates'
     personal property, (5) administrative findings of misconduct involving threats
25   towards inmates, during the defendants past 10 YEARS of employment at CDCR
     including but not limited to employment at MULE CREEK STATE PRISON.
26

27   (ECF No. 60-2 at 29.)

28       Defendants object that the request is compound, vague, and overbroad in scope and

subject matter, and disproportionate to the needs of the case because defendant is requesting

documents from another prison.  (Id. at 29-30.)  Defendants also state that there are no responsive

documents available.  (Id.)

### B.  RFP Set 4

#### 1.  RFP No. 1

Any and all documents in YOUR possession titled "inmate/Parolee Appeals
Tracking System-I & II" listing any and all staff Misconduct Complaints, Appeals,
and or Grievances filed against DEFENDANTS TODD MANNING; D.
PASIOLES; J. CANELA; T. COOPER; A. AVALOS; R. ROY; and S. LA ROSA
by any and all inmates during the defendants past 10 YEARS of employment at
CDCR including but no limited to their employment at MULE CREEK STATE
PRISON. (See Exhibit as produced in Marti v. Rosario, et al., 2:20-cv-0897-
CKD.)

(Id. at 32.)

Defendants object that the request is compound, vague, and overbroad in scope and

subject matter, and disproportionate to the needs of the case because defendant is requesting

documents from another prison.  (Id. at 32-33.)  Defendants also state that they produced the

redacted inmate/parolee appeals tracking system.  (Id.)

#### 2.  RFP No. 2

Any and all documents in YOUR possession that refer or relate to MCSP Facility
E Building 21 LOG BOOK for the pages containing the entries made for May 31,
2021 to and including June 30, 2021.  (See Exhibit B for a sample page of the E21
Log Book produced in Marti v. Rosario, et al., 2:21-cv-01829-CKD.).  This
request comprehend [sic] all the pages of E21 Log Book starting on May 31, 2021
to and including all the pages containing [sic] entries made on June 30, 2021.

(Id. at 33.)

Defendants object that the request is compound, vague, and overbroad in scope and

subject matter, and disproportionate to the needs of the case.  (Id. at 33-34.)  Defendants also state

that there are no responsive documents available.  (Id.)

### C.  Arguments

Plaintiff argues that defendants inappropriately responded to plaintiff's requests, using

boilerplate language and claiming the OIP without filing a privilege log.  (ECF No. 60 at 10.)

Plaintiff also argues that this discovery mirrors discovery filed in another case he filed.  (Id.)

1  Defendants opposed the motion, because either no responsive documents existed or they

2  produced the relevant documents.  (ECF No. 83 at 2-3.)

3          **D.  Analysis**

4          The motion to compel will be denied.  In Set 3, number 1, plaintiff seeks personnel files

5  for defendants Manning, Pasioles, Colonel, Cooper, Avalos, Roy, and La Rosa that refer to

6  administrative findings of misconduct during their employment with CDCR.  (ECF No. 60-1 at

7  2.)  Defendants stated that no responsive documents existed.  (Id. at 15.)  Because the court

8  cannot force defendants to produce what they do not have, the motion will be denied.  Defendants

9  were not required to include a declaration or privilege log because there were no documents

10  found.

11          In Set 4, numbers 1 and 2, defendants produced the requested redacted documents.  (ECF

12  No. 60-1 at 9).  Plaintiff argues that defendants redacted too much information by redacting log

13  numbers of staff misconduct complaints.  (Id. at 10.)  Plaintiff also argues that defendants waived

14  confidentiality by not including a declaration and privilege log.

15      The motion to compel further production as to these requests will also be denied.  Regarding

16  Set 4, number 1, defendants produced the requested documents.  Further, defendant is not

17  required to include a declaration and privilege log if they redacted privileged information that is

18  not relevant or proportional to the needs of the case in any event.  Additionally, defendants can

19  permissibly redact information that is confidential or would cause security concerns.  Gleason,

20  2021 WL 4061653, at *4.  Moreover, plaintiff has not explained why the redacted information is

21  relevant and proportional.  Regarding Set 4, number 2, defendants state that no responsive

22  documents were found.  Defendants cannot be compelled to produce what they do not have.

23  **V.      Motion to Compel on Requests for Admissions (ECF No. 45).**

24      Plaintiff filed a motion to determine the sufficiency of defendant Pasioles' objections to

25  plaintiff's requests for admissions (RFA) Set 1.  (ECF No. 45.)  Plaintiff states that the answers to

26  RFA numbers 7, 8, 9, and 10 are insufficient because the objections use boilerplate language.  (Id.

27  at 1-2.)  Plaintiff argues that these RFAs are relevant to show that defendant La Rosa was not

28  wearing a mask.

Defendants opposed the motion, arguing that the RFAs are irrelevant and seek impermissible character evidence.  (ECF No. 58 at 3.)

### A. RFA 7

ADMIT that on May 31, 2021 you were aware that defendant La Rosa was the subject of multiple grievances filed by inmates against him [La Rosa] for failing to wear a mask while working at E21.

(ECF No. 45 at 13.)

### B. RFA 8

ADMIT that prior to May 31, 2021 you investigated multiple grievances filed against defendant La Rosa and as the result of your investigations you determined that defendant La Rosa violated policy by failing to wear a mask while working at E21.

(ECF No. 45 at 17.)

### C. RFA 9

ADMIT that as part of your investigations of the grievances filed against defendant La Rosa prior to May 31, 2021, you watched video footage showing La Rosa working at E21.

(ECF No. 45 at 18.)

### D. RFA 10

ADMIT that prior to May 31, 2021 you viewed video footage depicting defendant La Rosa working in E21 without wearing a protective mask while CDCR COVID 19 protocol mandated masks to be work by staff while working inside buildings housing inmates.

(ECF No. 45 at 19.)

### E. Objections

Defendants objected on the grounds that the requests are irrelevant, overbroad, and not proportional to the needs of the case.  Defendants also objected because plaintiff's Eighth Amendment deliberate indifference claim against La Rosa for failing to wear a mask is not proceeding.  (ECF No. 45 at 13, 17, 18, 20.)

### F. Analysis

Plaintiff has not shown why these responses are relevant.  Plaintiff's claim involves alleged retaliation for a grievance filed on April 27, 2021, and these requests relate to incidents

occurring on other dates.  The motion compel (ECF No. 45) is denied.

**VI.      Plaintiff's Motion to Compel Interrogatories (ECF No. 65).**

Plaintiff filed a motion to compel a response from defendant Manning to a set of interrogatories, alleging that defendants did not respond.  (ECF No. 50.)  Defendants opposed the motion, arguing that they never received the interrogatories until the motion to compel, therefore plaintiff's service was untimely.  (ECF No. 77 at 1-2.)  Defendants also argue that the court should not reopen discovery for this purpose.  Plaintiff replied that he served the interrogatories on January 19, 2024.  (ECF No. 81 at 1-2.)

Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to federal court filings by incarcerated inmates). The proof of service attached to plaintiff's interrogatories was signed under the penalty of perjury on January 19, 2024 (ECF No. 65 at 17), within the deadline for discovery.

Defendants are therefore ordered to respond to the interrogatories within 45 days.  Since the motion is granted, there is no need to otherwise supplement the record, and plaintiff's motion to supplement the record (ECF No. 84) is denied.

**VII.     Plaintiff's Motion to Modify the Discovery & Scheduling Order**

Plaintiff moves to modify the Discovery and Scheduling Order and add 120 days to conduct depositions of defendants.  (ECF No. 50.)  Defendants oppose the motion to the extent it allows more time for all discovery, but does not oppose allowing time for plaintiff to conduct depositions.  (ECF No. 56.)  Plaintiff has shown good cause to extend the time to conduct depositions of defendants, though discovery will otherwise remain closed.

On December 29, 2023, this court modified the Discovery and Scheduling order, setting a deadline of April 26, 2024 for discovery motions and the date for filing dispositive motions to July 26, 2024.  (ECF No. 36.)  On July 23, 2024, the court granted the parties' joint request to vacate the July 26, 2024 dispositive motion deadline until the pending motions to compel are resolved.

The deadline to conduct depositions will be extended to February 8, 2025 and the deadline for the filing of dispositive motions will be extended to May 8, 2025.

## VIII.   Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel on RFP Set 1, and Set 2 (ECF No. 37) is granted in part and denied in part.

    a. As to RFP Nos. 1 and 2 in each set, defendants shall electronically submit to the court the responsive documents over which defendants claim the official information privilege applies for in camera review within 14 days of this order.

    b. Plaintiff's motion to compel as to other requests in those sets is denied.

2. Plaintiff's motion to compel discovery of plaintiff's RFPs Set 1, number 8 (ECF No. 41) is granted.

3. Plaintiff's motion to compel discovery of RFPs Set 5 (ECF No. 59) is denied.

4. Plaintiff's motion to compel discovery of RFPs Sets 3 and 4 (ECF No. 60) is denied.

5. Plaintiff's a motion to compel request for production (ECF No. 45) is denied.

6. Plaintiff's motion to compel interrogatories (ECF No. 65) is granted.

7. Plaintiff's motion to modify the discovery order (ECF No. 50) is granted in part. The deadline to conduct depositions is extended to February 8, 2025 and the deadline for the filing of dispositive motions is extended to May 8, 2025. Discovery is otherwise closed.

8. Plaintiff's motions for an extension of time (ECF No. 74) and to correct the docket (ECF No. 75) are denied as moot.[3]

////

---

[3] In that motion, plaintiff states that ECF No. 51, a motion for extension of time to file a reply to defendants' opposition (ECF No. 44) to plaintiff's motion to compel (ECF No. 41), included plaintiff's reply. ECF No. 51 does, in fact, include both plaintiff's motion for an extension of time and plaintiff's reply. The proof of service attached to the reply is dated February 23, 2024. Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston, 487 U.S. at 276; Campbell, 614 F.3d at 1059. February 23, 2024, is within the 14 day time period allowed to file a reply under Local Rule 230(l). Therefore, plaintiff's reply is timely, rendering his motion to correct the docket moot.

9.  Plaintiff's motion to supplement the record (ECF No. 84) is denied.

DATED: November 12, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE