UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LAMOTA MARTI, | No. 2:21-cv-01829 SCR P |
| Plaintiff, | |
| v. | ORDER |
| TODD MANNING, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed two motions for sanctions (ECF Nos. 42, 46), which are fully briefed. For the reasons set forth below, the court will deny both motions. The court will also deny his associated motion for an order granting the second motion for sanctions (ECF No. 71), and deny plaintiff's motion to supplement the record (ECF No. 55).

**BACKGROUND**

The factual and procedural background of the case is recounted in detail in the court's contemporaneous order adjudicating plaintiff's numerous discovery motions and accordingly is omitted here.

**MOTIONS FOR SANCTIONS**

I. **Legal Standards**

"A federal trial court has the inherent discretionary power to make appropriate evidentiary

1

rulings in response to the destruction or spoliation of relevant evidence." <u>Med. Lab. Mgmt. Consultants v. Am. Broadcasting. Cos., Inc.</u>, 306 F.3d 806, 824 (9th Cir. 2002) (citing <u>Glover v. BIC Corp.</u>, 6 F.3d 1318, 1329 (9th Cir. 1993)). Sanctions for spoliation of evidence may be imposed under the court's inherent powers to manage its own affairs. <u>Leon v. IDX Sys. Corp.</u>, 464 F.3d 951, 958 (9th Cir. 2006). Courts also have authority to sanction a party pursuant to Rule 37 for failure either to make disclosures or to cooperate in discovery. <u>See</u> Fed. R. Civ. P. 37. Possible sanctions available include default or dismissal of claims or defenses, preclusion of evidence, an adverse inference instruction, and monetary sanctions. <u>See</u> <u>Leon</u>, 464 F.3d at 958-59; <u>Glover</u>, 6 F.3d at 1329; <u>In re Napster, Inc. Copyright Litig.</u>, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006); <u>see also</u> <u>Caruso v. Solorio</u>, No. 1;15-cv-780 AWI EPG PC, 2021 WL 3514610, at *9 (E.D. Cal. Aug. 9, 2021).

A party engages in spoliation of evidence "as a matter of law only if [the party] had 'some notice that the documents were potentially relevant' to the litigation before [the evidence was] destroyed." <u>United States v. Kitsap Physicians Serv.</u>, 314 F.3d 995, 1001 (9th Cir. 2002) (citation omitted). "A party does not engage in spoliation when, without notice of the evidence's potential relevance, it destroys the evidence according to its policy or in the normal course of business." <u>United States v. $ 40,955.00 in U.S. Currency</u>, 554 F.3d 752, 758 (9th Cir. 2009). Courts look to a three-part test to determine whether sanctions for spoliation should be imposed: (1) "that the party having control over the evidence had an obligation to preserve it at the time it was destroyed"; (2) "that the records were destroyed with a 'culpable state of mind'"; and (3) "that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." <u>Apple Inc. v. Samsung Elecs. Co.</u>, 888 F. Supp. 2d 976, 989-90 (N.D. Cal. 2012). To decide which specific spoliation sanction to impose, courts generally consider three factors: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party. <u>See</u> <u>Reinsdorf v. Skechers U.S.A., Inc.</u>, 296 F.R.D. 604, 626 (C.D. Cal. 2013) (citing <u>Apple Inc.</u>, 888 F. Supp. 2d

////

2

at 992); see also Cont'l Cas. Co. v. St. Paul Surplus Lines Ins. Co., 265 F.R.D. 510, 533 (E.D. Cal. 2010).

Any sanction should be designed to (1) deter parties from destroying evidence; (2) place the risk of an erroneous evaluation of the content of the destroyed evidence on the party responsible for its destruction; and (3) restore the party harmed by the loss of evidence helpful to its case to where the party would have been in the absence of spoliation. See Compass Bank v. Morris Cerullo World Evangelism, 104 F. Supp. 3d 1040, 1052 (S.D. Cal. 2015). Sanctions under the court's "inherent powers must be exercised with restraint" and should be appropriate to the conduct that triggered the sanction. Am. Unites for Kids v. Rousseau, 985 F.3d 1075, 1088 (9th Cir. 2021) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)).

## II. Plaintiff's Motion for Sanctions (ECF No. 42).

Plaintiff filed a motion for sanctions for spoliation of video footage from April 27, 2021. (ECF No. 42 at 3.) Plaintiff argues that defendant Manning reviewed video footage from April 27 between 9:00pm and 9:45pm but only preserved a four-minute segment shown from different cameras. (Id. at 17.) Plaintiff argues that he informed defendants that he would like the entire 45 minutes of footage preserved (id. at 18-19) and that because defendant Pasioles has worked for CDCR for a long time, his failure to preserve was in bad faith.

Defendants opposed the motion, arguing that the entire 45 minutes of requested video footage was irrelevant because the footage showing defendant La Rosa in plaintiff's dorm was preserved, defendants did not spoil the evidence because they did not have control over the footage, they did not have a duty to preserve the footage, and they did not act with a culpable state of mind. (ECF No. 49 at 5-11.)

### A. Analysis

To determine whether sanctions for spoliation should be imposed, courts apply a three-part test. Apple Inc., 888 F. Supp. 2d at 989-90. First, the plaintiff has not demonstrated why the missing video footage is relevant. Defendants stated that they reviewed footage from 9:00pm to 9:45pm, but only the preserved portion of that footage showed defendant La Rosa in plaintiff's dorm. (ECF No. 49 at 9-10.) In plaintiff's complaint, he estimated that defendant La Rosa

3

entered his dorm at around 9:30pm. (ECF No. 1 at 10.) There is evidence that defendant La Rosa said he entered the dorm around 9:10pm or 9:15pm. (ECF No. 42-1 at 29.) Additionally, plaintiff does not allege in his complaint that defendant La Rosa entered his dorm more than once, and he relies on information from other inmates for the approximate time.[1] (ECF No. 1 at 10.) Accordingly, it is reasonable that defendants would review the video footage from 9:00pm to 9:45pm because it spans both timeframes, and also reasonable that they would only preserve the footage showing defendant La Rosa in the dorm. Since plaintiff's claim involves defendant La Rosa allegedly entering his dorm without wearing a mask, the only arguably-relevant time period is when defendant La Rosa was in the dorm.

Second, defendants argue that they did not have control over the evidence and had no obligation to preserve it. The court agrees that defendants Manning and Pasioles did not have an obligation to preserve the footage because it is irrelevant. (See ECF No. 49 at 7.) However, as defendants admitted, they were able to request and preserve the four-minute footage they wanted. Therefore, had the extra 40 minutes been relevant, they could have requested it be preserved.

Third, plaintiff has not shown that defendants acted with a culpable state of mind when they did not preserve the 40 minutes of footage in question. There is no evidence that defendants consciously disregarded their obligation to preserve evidence. Further, defendant Manning preserved the relevant footage. (ECF No. 49 at 9.) There is no evidence that the other forty minutes reviewed contained relevant information.

Therefore, the motion for sanctions is denied.

Plaintiff also requests that defendants produce the video footage to the court to help determine whether sanctions should be awarded. (ECF No. 55.) The court has determined that sanctions will be denied, so it is not necessary to produce this footage.

### III. Plaintiff's Motion for Sanctions (ECF No. 46).

Plaintiff filed a second motion for sanctions against defendants for spoliation of evidence.

---

[1] In plaintiff's motion, he states that the allegedly spoiled video footage could be used to determine the number of times defendant La Rosa entered plaintiff's dorm. (ECF No. 42 at 17.) However, plaintiff does not allege that defendant La Rosa entered his dorm more than once in his complaint.

(ECF No. 46.) Plaintiff argues that defendants spoiled video footage that was reviewed during the investigation of grievances and staff misconduct complaints filed by plaintiff and other inmates. (Id. at 1.) According to plaintiff, this video footage would have shown that defendant La Rosa violated the COVID-19 mask policy on numerous occasions. (Id. at 3.)

Defendants oppose the motion, arguing that the video footage plaintiff requested is either irrelevant or never existed. (ECF No. 61 at 1.) Defendants state that plaintiff requested video footage regarding grievances that were rejected and therefore did not trigger a duty to investigate and preserve the footage (id. at 4), other grievances do not cite video footage as evidence reviewed or used to make the determination (id. at 5), and certain grievances are irrelevant (id. at 8-9). Defendants also argue that they do not have a duty to preserve the irrelevant footage. (Id. at 9.)

### A. Analysis

In his motion, plaintiff states that defendant did not properly preserve video footage associated with grievances filed by plaintiff and third-party inmates. First, there is no evidence that there was any video footage associated with the following grievances attached to plaintiff's motion: 65402, 69124, 83959, 72460, 72464, 72477, 75075, 78350, 84684, and 65866. (ECF No. 46-1 at 42, 53, 59, 63, 68, 76, 83, 87, 89, 100, 106.) Defendants state that improperly filed or rejected grievances do not trigger an investigation and therefore do not have video associated with them. (ECF No. 61 at 4; see ECF No. 46-1 at 20-27, 31-32). Further, there is evidence that CDCR only retains video footage for grievances classified as "staff misconduct." (ECF No. 46-1 at 21, 31.) Therefore, there is no indication that defendants improperly deleted footage that did not exist.

Second, the grievances that cite video footage as the basis for their investigation (Grievance Nos. 56757, 56762, 58653, 65399) do not appear to be relevant to plaintiff's claim. These grievances relate to instances where defendant La Rosa did not wear a COVID-19 mask months before the April 27, 2021 incident. Further, the grievances also found in plaintiff's favor, confirming that defendant La Rosa was not wearing a mask. (ECF No. 46-1 at 14, 34, 44, 103.) Therefore, plaintiff was not prejudiced by not having the footage, because the grievances confirm

that defendant La Rosa was not wearing a mask – the contested footage is unnecessary to further confirm that fact.

Finally, plaintiff has not shown that defendants acted with a culpable state of mind when they did not save this footage. There is no evidence that defendants consciously disregarded their obligation to preserve evidence.

Therefore, the motion for sanctions will be denied.

Plaintiff also filed a motion for an order granting plaintiff's motion for sanctions (ECF No. 46) based on the contention that defendants did not file an opposition. (ECF No. 71.) Defendants opposed *that* motion, arguing that they timely served plaintiff with their opposition relating to sanctions on March 26, 2024 (see ECF No. 76-1 at 15), and when the mail was returned (id. at 16), they served plaintiff twice more (id. at 31). (ECF No. 76 at 3.) Plaintiff filed a reply to the opposition to the motion for sanctions on April 22, 2024. (ECF No. 72.) Based on defendants demonstrated attempts to serve plaintiff and plaintiff's reply, the court will consider the opposition timely filed and deny the motion.

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions (ECF No. 42) is denied;
2. Plaintiff's motion for sanctions (ECF No. 46) and associated motion for an order granting the motion (ECF No. 71) are both denied;
3. Plaintiff motion to supplement the record (ECF No. 55) is denied.

DATED: November 12, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE