UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LAMOTA MARTI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TODD MANNING, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-01829 SCR P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  There are several discovery motions pending before the court.  For the reasons set forth below, the undersigned resolves the motions as follows:

1. Plaintiff's motion for reconsideration (ECF No. 103) is **GRANTED IN PART and DENIED IN PART.**  The court reconsiders its prior order (ECF No. 90) as to the relevancy of the unpreserved video footage to plaintiff's claims.  Pursuant to Federal Rule of Civil Procedure 37(e)(1), the court will allow plaintiff to present evidence and questioning to the jury on defendants' alleged failure to preserve the video footage.  The motion is denied as to plaintiff's request for case dispositive and adverse inference sanctions under Rule 37(e)(2).

2. Plaintiff's motion to modify the discovery and scheduling order ("DSO") (ECF NO. 107) is **GRANTED IN PART and DENIED IN PART.**  Defendants shall construe requests No. 2, 4, and 5 in plaintiff's letter dated May 6, 2025, as requests for production under Rule 34 and respond accordingly within 30 days.

3. Defendants' request to seal (ECF No. 111) under Local Rule 141 is **DENIED**.

4. Plaintiff's motion for order for defendants to lodge video footage (ECF No. 113) is **DENIED** as moot without prejudice.

1

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

**I.      Plaintiff's Motion for Evidentiary Sanctions for Spoilation of Evidence**

Plaintiff seeks reconsideration of the court's order dated November 13, 2024 (ECF No. 90), denying his motion for sanctions for spoilation of evidence. In his original motion, plaintiff claimed defendant Manning reviewed Audio Video Surveillance System ("AVSS") footage from April 27, 2021, between 2100 and 2140 hours, as part of an investigation of plaintiff's grievance against defendant La Rosa, but preserved only a four-minute segment despite plaitniff's request for all footage.[1]  (ECF No. 42 at 17-19.)  Plaintiff sought case dispositive sanctions, an adverse jury instruction, or other remedies the court deemed appropriate.  (Id. at 23.)  Defendants opposed the motion, arguing that the four-minute clip relevant to their investigation – i.e., footage showing defendant La Rosa in plaintiff's dorm – was preserved.  (ECF No. 49 at 7.) Defendants also claimed plaintiff did not establish the unpreserved footage's relevance, their control over the footage, or that they acted with a culpable state of mind. (Id. at 5-11.)

Applying the three-factor test of Apple Inc. v. Samsung Elecs. Co., 888 F. Supp. 2d 976, 989-90 (N.D. Cal. 2012), the undersigned determined that evidentiary sanctions were not warranted.  Plaintiff had not demonstrated why the missing video footage was relevant to his claims and defendants Manning and Pasioles did not have an obligation to preserve footage that was not relevant to their grievance investigation.  (ECF No. 90 at 3-4.)  As to defendants "culpable state of mind," the undersigned found no evidence that they "consciously disregarded their obligation to preserve evidence." (Id.)

**II.     The Parties' Reconsideration Arguments**

Plaintiff seeks reconsideration of the court's order based on alleged new and different facts raised in defendant Manning's deposition on April 25, 2025. After Manning confirmed he

---

[1] Plaintiff's grievance alleged that defendant La Rosa entered his dorm's shower area unmasked and removed plaintiff's shower hooks. Defendant Manning determined this allegation was false and issued a rules violation report ("RVR") against plaintiff. Prior to the RVR hearing, plaintiff submitted a written request for "all AVSS data of the events described by T. Manning be produced at the hearing. Said evidence requested includes all evidence received by [Manning] on May 8, 2021, and any other date. Further, said evidence should be preserved for court review as required in any civil action." (ECF No. 42-1 at 16.)

1 | viewed AVSS footage between 2100 and 2145 hours, the parties had the following exchange:

2 |     Q:    Okay. So let's concentrate about the time between 2100 hours and 2140 hours before the staff member enters. You follow me?

3 |     A:    From 2100 to 2140.

4 |     Q:    What did you see?

5 |     A:    Officers doing count, as far as –

6 |     Q:    So you see them – okay. So you see how many officers enter between 2100 to 2140?

7 |     A:    Should be two.

8 | (ECF No. 103 at 15-16.) Manning did not remember the officers' names or whether they were wearing masks. (Id. at 16.) When asked whether one of the two officers could have been La Rosa, Manning responded, "It could have been anybody." (Id. at 18.) When plaintiff asked Manning why he did not preserve that footage, Manning answered, "Because it had nothing to do with your grievance." (Id. at 19.) After a short break, defendant Manning offered, unprompted, that he assumed the officers were doing count at that time and did not remember "if they were on camera or not." (Id. at 25.) Plaintiff then played Manning fifteen videos from the preserved four-minute segment, but Manning had difficulty identifying La Rosa. (Id. at 33-51.)

Plaintiff claims Manning's testimony creates the possibility that the unpreserved footage depicted an unmasked defendant La Rosa entering plaintiff's housing unit prior to the instance shown on the four-minute clip preserved by the facility, specifically at around 21:30 for the institutional count. (ECF No. 103 at 1-2.) This would, according to plaintiff, support the basis of the grievance "central to this case" and refute defendant Manning's RVR accusing plaintiff of making "dishonest and/or false" allegations against La Rosa. (Id. at 8.) Finally, plaintiff maintains that Manning's testimony and inability to identify La Rosa in the videos contradict his prior statement used to oppose the original motion for sanctions that "[t]he footage from 9:00 to about 9:40 p.m. showed the dorm empty of inmates and did not show Officer LaRosa." (Declaration of T. Manning, ¶¶ 4-5, ECF No. 49-2 at 2.)

In their opposition, defendants argue that nothing in Manning's deposition testimony contradicts his prior statements or warrants reconsideration. They claim that Manning testified

3

that hypothetically there may have been officers in the building because that is the normal time for count, but not that he definitely recalled any officers entering the building at the time. (ECF No. 106 at 5.) Even assuming there is a contradiction, defendants maintain plaintiff's motion fails to address the court's findings on the second and third elements of spoliation, i.e., their lack of control over the footage or a culpable state of mind. (Id. at 6.)

On reply, plaintiff argues that the new evidence establishes the video's relevance for purposes of the spoliation analysis. (ECF No. 108 at 4-5.) Regarding Manning's alleged "culpable state of mind," plaintiff argues that Manning's inability to identify the individuals conducting count shows he "was being crafty, deceptive, and less than honest" in making his prior statement, and "preserved only the video footage that he believed supported his prosecutorial goals." (Id. at 3-4.) In the alternative, plaintiff argues that Manning's negligent failure to preserve the video satisfies the "culpable state of mind" requirement. (Id. at 5-6.)

### III. Legal Standards

#### A. Reconsideration

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994). Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j)(3)-(4); see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'") (quoting Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). To succeed on a motion for reconsideration, a party seeking reconsideration must "show more than a disagreement with the court's decision, and recapitulation . . . of that which was already considered by the court in rendering its decision." U.S. v. Westlands Water Dist., 134

F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  A party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 646, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### B. Spoilation of Evidence

This dispute falls under Federal Rule of Civil Procedure 37(e), concerning "Failure to Preserve Electronically Stored Information."  (See ECF No. 108 at 2-3.)  As amended in 2015, Rule 37(e) provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>     (A)    presume that the lost information was unfavorable to the party;
>
>     (B)    instruct the jury that it may or must presume the information was unfavorable to the party; or
>
>     (C)    dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).  The 2015 amendments to Rule 37(e) "displace[d] the district court's power to invoke inherent authority in fashioning sanctions" for failure to preserve electronically stored information.  Gregory v. State of Montana, 118 F.4th 1069, 1072 (9th Cir. 2024).

### IV.   Discussion

### A. Whether Loss of AVSS Footage Prejudiced Plaintiff

Defendant Manning's deposition testimony calls into question the court's earlier finding that the unpreserved video footage between 2100 and 2140 hours was irrelevant to plaintiff's claims.  That finding was based on Manning's assertion that La Rosa did not appear outside of the preserved four-minute segment.  (See ECF No. 90 at 4 ("[I]t is reasonable . . . that [Manning and Pasioles] would only preserve the footage showing defendant La Rosa in the dorm."))

Although Manning claims he was speaking hypothetically, a more reasonable interruption of his testimony is that saw two officers doing count between 2100 and 2140 and that they "could have been anybody," including La Rosa. Thus, it is at least somewhat possible that the footage depicted La Rosa doing count and, if so, could have supported the allegations in plaintiff's grievance against La Rosa that defendant Manning deemed false and dishonest.

To be clear, the undersigned agrees with defendants that the likelihood the video showed defendant La Rosa conducting count is low. La Rosa testified at his own deposition that he was no longer a floor officer in plaintiff's dorm on the night in question and was not responsible for count. (Declaration of S. Gray Gilmor, Exh. A., ECF No. 106-1 at 16-17.) Plaintiff similarly alleged in his verified complaint that La Rosa's last day assigned to his dorm was January 31, 2021, some three months before the events underlying plaintiff's grievance. (ECF No. 1 at 21.)

However, because proving the relevance of lost evidence can be a difficult task, "a party must only come forward with plausible, concrete suggestions as to what [the destroyed] evidence might have been." Fast v. GoDaddy.com LLC, 340 F.R.D. 326, 339 (D. Ariz. 2022); see also Cottle-Banks v. Cox Commc'ns, Inc., No. 10-cv-2133 GPC WVG, 2013 WL 2244333, at *15 (S.D. Cal. May 21, 2013) ("The burden falls on the 'prejudiced party' to produce 'some evidence suggesting that a document or documents relevant to substantiating his claim would have been included among the destroyed files.[']") (citation omitted). Defendant Manning's testimony acknowledging that the unpreserved footage may depict La Rosa is sufficient to meet this relatively low threshold. Therefore, the undersigned will grant in part plaintiff's motion for reconsideration as to the relevancy of the unpreserved footage and, by extension, conclude that plaintiff was prejudiced by defendants' failure to take reasonable steps to preserve it. See Fed. R. Civ. P. 37(e)(1).

**B.  Whether Defendant Intentionally Spoiled the AVSS Footage**

The more serious sanctions that plaintiff seeks may be given "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation[.]" Fed. R. Civ. P. 37(e)(2). The Ninth Circuit has described the requisite intent as follows:

> Rule 37(e) does not define "intent," but in context, the word is most naturally

> understood as involving the willful destruction of evidence with the purpose of avoiding its discovery by an adverse party. See Skanska USA Civ. Se. Inc. v. Bagelheads, Inc., 75 F.4th 1290, 1312 (11th Cir. 2023); Fed. R. Civ. P. 37 advisory committee's note to 2015 amendment (stating that negligence or even gross negligence is insufficient). Because intent can rarely be shown directly, a district court may consider circumstantial evidence in determining whether a party acted with the intent required for Rule 37(e)(2) sanctions. See Auer v. City of Minot, 896 F.3d 854, 858 (8th Cir. 2018). Relevant considerations include the timing of destruction, affirmative steps taken to delete evidence, and selective preservation. See Laub v. Horbaczewski, No. CV 17-6210-JAK, 2020 WL 9066078, at *6 (C.D. Cal. July 22, 2020).

Jones v. Riot Hosp. Grp. LLC, 95 F.4th 730, 735 (9th Cir. 2024); see also Adv. Comm. Note to 2015 Amendments to Fed. R. Civ. P. 37(e)(2) ("This subdivision authorizes courts to use specified and very severe measures to address or deter failures to preserve electronically stored information, but only on finding that the party that lost the information acted with the intent to deprive another party of the information's use in the litigation.").

Plaintiff argues that Manning's deposition testimony shows his bad faith and deception in failing to preserve the footage. But even with the new testimony, plaintiff's claims that Manning intentionally spoiled the video because of its relevance remain mere speculation. Manning reiterated, under oath, his belief that the unpreserved 40-minute segment had "nothing to do" with plaintiff's grievance. This is consistent with his prior statement that the video did not show La Rosa, even if his deposition testimony opens the possibility that he may have mistakenly, but reasonably, come to that conclusion. Manning's difficulties identifying La Rosa in the fifteen videos played at his deposition further call his grievance investigation into question but alone does not support an inference of bad faith. See Cotton v. Medina, No. 1:22-cv-0568 JLT EPG (PC), 2025 WL 1707232, at *9 (E.D. Cal. June 18, 2025) (prison officials' failure to preserve video footage in violation of video retention policy was negligent but did not establish their intent to deprive plaintiff of information in his lawsuit).

Next, plaintiff argues that even a negligent failure to preserve the footage would warrant sanctions. (ECF No. 108 at 5-6.) He identifies several cases where district courts specifically held that negligence is sufficient to award an adverse inference sanction. See, e.g., Lewis v. Ryan, 261 F.R.D. 513, 521 (S.D. Cal. 2009); Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 220 (S.D.N.Y. 2003). However, these cases rely on Residential Funding Corp. v. DeGeorge Fin.

1  Corp., 306 F.3d 99, 108 (2d Cir. 2002) ("Residential Funding"), which the 2015 amendments to

2  Rule 37 expressly rejected: "Subdivision (e)(2) . . . is designed to provide a uniform standard in

3  federal court for use of these serious measures when addressing failure to preserve electronically

4  stored information.  It rejects cases such as Residential Funding . . . that authorize the giving of

5  adverse-inference instructions on a finding of negligence or gross negligence."  Adv. Comm.

6  Note to 2015 Amendments to Fed. R. Civ. P. 37(e)(2); see also Gregory, 118 F.4th at 1080

7  (recognizing the amended rule 37(e)(2) was "specifically intended" to abrogate cases like

8  Residential Funding).[2]  Thus, Manning's negligent failure to preserve the footage would not

9  warrant the case dispositive or adverse inference sanctions that plaintiff seeks.

10  Regarding plaintiff's request for an adverse inference instruction specifically, the court

11  gave due consideration to the following Advisory Committee Note on the 2015 Amendments:

12  Adverse-inference instructions were developed on the premise that a party's
    intentional loss or destruction of evidence to prevent its use in litigation gives rise
13  to a reasonable inference that the evidence was unfavorable to the party
    responsible for loss or destruction of the evidence. Negligent or even grossly
14  negligent behavior does not logically support that inference. Information lost
    through negligence may have been favorable to either party, including the party
15  that lost it, and inferring that it was unfavorable to that party may tip the balance
    at trial in ways the lost information never would have. The better rule for the
16  negligent or grossly negligent loss of electronically stored information is to
    preserve a broad range of measures to cure prejudice caused by its loss, but to
17  limit the most severe measures to instances of intentional loss or destruction.

18  Adv. Comm. Note to 2015 Amendments to Fed. R. Civ. P. 37(e)(2).  This instruction aptly fits

19  the circumstances here, where plaintiff's new evidence at best supports defendant's negligent

20  failure to preserve the AVSS footage but does not show an intent to deprive plaintiff of the

21  video's use in the litigation.  Accordingly, the undersigned will consider possible Rule 37(e)(1)

22  measures to cure the prejudice to plaintiff from the loss of the AVSS footage.

23  **C. Measures to Cure Prejudice**

24  Rule 37(e)(1) states that a court, "upon finding prejudice to another party from loss of the

25  _____

26  [2] The Second Circuit recently recognized the amended Rule 37(e)(2)'s abrogation of Residential
    Funding in Hoffer v. Tellone, 128 F.4th 433, 438 (2d Cir. 2025): "[T]he 2015 Amendment to
27  Rule 37(e)(2) abrogated the lesser 'culpable state of mind' standard used in Residential Funding .
    . . in the context of lost ESI. A party's acting negligently or knowingly will not suffice to justify
28  the sanctions enumerated in Rule 37(e)(2)."

8

information, may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). The undersigned again looks to 2015 Advisory Committee for guidance, this time on imposing Rule 37(e)(1) sanctions:

> In an appropriate case, it may be that serious measures are necessary to cure prejudice found by the court, such as forbidding the party that failed to preserve information from putting on certain evidence, permitting the parties to present evidence and argument to the jury regarding the loss of information, or giving the jury instructions to assist in its evaluation of such evidence or argument, other than instructions to which subdivision (e)(2) applies.

Adv. Comm. Note to 2015 Amendments to Fed. R. Civ. P. 37(e)(1).

Plaintiff has already taken steps to cure the prejudice by eliciting deposition testimony regarding the potential probative value of the missing footage. See Cotton, 2025 WL 1707232, at *11 (ordering defendants to arrange for plaintiff to take prison official's deposition as a Rule 37(e)(1) sanction). Therefore, pursuant to Rule 37(e)(1), the Court will permit plaintiff to submit evidence and questioning to the jury regarding defendant Manning's failure to preserve the forty-minute AVSS segment. The Court's finding here that defendant Manning lacked the requisite intent to support sanctions under Rule 37(e)(2) is not binding and plaintiff may pursue questioning on Manning's intent to the extent it is otherwise relevant and admissible.

**PLAINTIFF'S MOTION TO MODIFY THE DSO**

On June 20, 2025, plaintiff filed a motion to modify the DSO for the limited purpose of addressing his request for production of documents after the conclusion of the depositions. (ECF No. 107.) Plaintiff also asked the court to construe his filing as a motion to compel since the documents requested are narrow in scope and have been properly requested and responded to via letters between plaintiff and defendants' counsel. (Id. at 1.)

**I.   Procedural Background**

In the order dated March 5, 2025, the undersigned extended the deadline to conduct depositions to May 8, 2025. All other discovery remained closed. (ECF No. 98.) On April 23, 2025, the undersigned agreed to hear a discovery dispute on a deposition record. Plaintiff had requested records related to defendant Pasioles' investigation of a use-of-force grievance by a non-party incarcerated person against a non-party officer. The undersigned acknowledged the

9

relevance of the records to establishing Pasioles' alleged pattern of retaliation, but found the potential probative value was outweighed by the burden to defendants. (ECF No. 102.) In so ruling, the undersigned invited plaintiff to "seek to reopen discovery on this issue based on any new information that you can present to the Court[.]" (ECF No. 107 at 259.)

### II.     Plaintiff's Motion

Plaintiff now seeks to reopen discovery based on new information from defendants' depositions. Plaintiff explains that on May 6, 2025, after the depositions, he sent a letter to defendants' counsel requesting production of the following documents related to their testimony:

1. E21 Log Book, specifically entries from March 1, 2021, up to and including April 27, 2021.

2. All documents related to Grievance Log No. 84684 filed by plaintiff.

3. Disciplinary chrono issued to defendant La Rosa for failure to wear a mask.

4. All documents related to Grievance Log Nos. 113535 filed by plaintiff.

5. All SOMS' noted entered by defendant Avalos on June 7, 2021 in RVR log No. 7087379.

6. All documents related to the following staff misconduct complaints:
   a. Log # MCSP-A-19-02205, as cited in RVR Log No. 6879219.
   b. Log # MCSP-A-19-02397, as cited in RVR Log No. 6881616.
   c. Log # MCSP-A-19-00838, as cited in RVR Log No. 6887304.
   d. Log # MCSP-A-19-04014, as cited in RVR Log No. 6930985.
   e. Log # MCSP-A-19-04336, as cited in RVR Log No. 6933025.
   f. Log # MCSP-A-19-05235, as cited in RVR Log No. 6962779.
   g. Log # MCSP-A-19-01087, as cited in RVR Log No. 6983727.

(ECF No. 107 at 35-36.) Plaintiff moves to reopen discovery and compel their production because he has not been able to resolve the dispute informally with defense counsel.

Defendants oppose plaintiff's motions as improper and procedurally premature. (ECF No 110.) Regarding plaintiff's request to construe his filing as a motion to compel, defendants argue that discovery is closed and, because plaintiff's letter does not constitute a proper request for production, they have not determined or viewed what documents exist. (Id. at 2.) Defendants oppose reopening discovery because they are ready to file a dispositive motion and doing so will only further delay their ability to have this case disposed on its merits. (Id. at 8.) Defendants also assert that the proposed requests will not lead to relevant evidence and that the release of

10

documents relating to third-party inmate staff complaints would be unprecedented.  (Id. at 6.)

### III. Legal Standards

#### A. Modification of the Discovery and Scheduling Order

Under Rule 16(b) of the Federal Rules of Civil Procedure, "good cause" is required for modification of a court's pretrial scheduling order.  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."  Zivokovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).  In determining whether good cause exists to reopen discovery, courts may consider a variety of factors, such as: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.  U.S. ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), vacated on other grounds, 520 U.S. 939 (1997).

### IV. Analysis

Because discovery was closed when plaintiff sent his requests, the relief sought falls outside the proper scope of a motion to compel under Rule 37.  As relevant here, Rule 37 allows a party seeking discovery to move for an order compelling production of documents if the opposing party has failed to produce documents as requested under Rule 34.  Fed. R. Civ. P. 37(a)(3)(B)(iv).  While defendants provided limited responses to the requests in their letter to plaintiff, they were under no obligation to give full responses per Rule 34(b)(2) because discovery was closed.  Thus, the court construes plaintiff's motion solely as encompassing a request that discovery be reopened for the purpose of requiring defendants to reply to his request.

////

////

### A. Plaintiff's Requests

#### i. E21 Log Book

Plaintiff requests the E21 Log Book because both defendant La Rosa and defendant Pasioles referenced it in their depositions. Plaintiff maintains that La Rosa in particular testified that the Log Book will shed light on the events of April 27, 2021. In their letter to plaintiff, defendants stood by their previous discovery response to Set 1, RFP No. 14, i.e., that they conducted a diligent search and found no responsive documents. (ECF No. 107 at 39.) Plaintiff argues that defendants' production of 2021 entries from the Facility E Gym Log Book back in April 2024 shows that they could easily locate the E21 Log Book but have not diligently searched for it. (ECF No. 113 at 6; ECF No. 107 at 13.)

This is the second time plaintiff has moved to compel documents from the E21 Log Book. The court denied plaintiff's first motion on November 13, 2024, because he had "not shown why these documents are relevant to his claim, and defendants claim they do not have the documents." (ECF No. 89 at 17.) While the deposition testimony shows the E21 Log Book's likely relevance, plaintiff gives no support for his claim that defendants have it but have not diligently searched for it. "The Court cannot force a party to produce documents he does not have." Lopez v. Florez, No. 1:08-cv-1975 LJO JLT, 2013 WL 1151948, at *3 (E.D. Cal. Mar. 19, 2013). Therefore, there are no grounds to reopen discovery for this pursuit.

#### ii. Grievance Nos. 84684 and 113535 (Requests Nos. 2 and 4)

Defendants previously produced plaintiff's grievances and the accompanying decisions for Nos. 84684 and 113535, pursuant to plaintiff's Set 1, RFP No. 10.[3] Plaintiff now seeks the investigation documents, namely plaintiff's interviews that defendant Manning referenced in his deposition. (ECF No. 107 at 13-15.) Plaintiff argues that these grievances are central to his claims, and defendants have a duty to supplement their prior production under Rule 26(e) even

---

[3] In RFP No. 10, plaintiff requested documents "that refer or relate" to the grievances, "including but not limited to any and all [AVSS] evidence such as video footage and audio recorded data and CDCR 1027 Forms submitted for the aforereferenced [sic] inmate grievances and staff misconduct complaints." (ECF No. 43-2 at 21.) Grievance No. 84684 concerns defendant La Rosa's search of plaintiff's cell on January 31, 2021, and No. 113535 concerns the alleged shower incident on April 27, 2021.

12

past the close of discovery. (Id. at 11.) Defendants argue that this issue has already been adjudicated in a motion to compel and motion for reconsideration. (ECF No. 107 at 39-40.) However, defendants appear to be referring to the court's orders regarding third-party grievances. None of the court's order thus far appear to have addressed RFP No. 10.

Plaintiff's requests are relevant to his retaliation claims and plainly encompassed within RFP No. 10, which demonstrates his diligence in previously pursuing these materials. Further, there does not appear to be any third-party privacy concerns with the interviews given the two grievances were filed by plaintiff. Accordingly, the undersigned finds good cause to reopen discovery. Defendants are instructed to construe the second and fourth requests in plaintiff's letter of May 6, 2025, as a request for production under Rule 34 and respond within 30 days.

### iii. Disciplinary chrono issued to defendant La Rosa

Both defendant La Rosa and defendant Pasioles testified that La Rosa had received a low-level, written chrono for failure to wear a mask. Plaintiff argues that this document is relevant to his § 1983 claims because La Rosa's discipline triggered the alleged retaliation. (ECF No. 107 at 29-30.) Defendants state that the court already held that documents related to La Rosa's failure to wear a mask were irrelevant. (Id. at 39.)

The undersigned previously denied plaintiff's motion to compel personnel files for La Rosa that "refer to administrative findings of misconduct during [his] employment with CDCR." (ECF No. 89 at 20.) However, the basis of this ruling was not relevancy, but defendants' claim that no responsive documents existed. La Rosa's and Pasioles' recollection of a written reprimand may establish that the document existed, but not that defendants still possess it. The undersigned, again, cannot order defendants to produce records they do not have. Accordingly, plaintiff has not put forth new information warranting reopening discovery on this issue.

### iv. All SOMS' notes entered by defendant Avalos on June 7, 2021 in RVR log No. 7087379.

RVR Log No. 7087379 is the RVR issued to plaintiff by defendant Manning on May 14, 2021, for falsifying a document. Plaintiff requested documents relating to this RVR in Set One, RFP No. 15. (ECF No. 43-2 at 53.) Because defendants stated in their letter that they are

13

"conducting an ongoing search and will supplement their response if needed," the undersigned will allow discovery to be reopened and direct defendants to provide a formal response within 30 days.

### v. Staff misconduct complaints

Plaintiff seeks all documents from the above staff misconduct complaints that he claims are relevant to defendant Pasioles' pattern of retaliation. "Pasioles' interpretation of the facts and evidence in each and every complaint shows that his intent was to retaliate against the inmates filing complaints against the staff involved." (ECF No. 107 at 6.) He cites Paisoles' deposition testimony regarding his use of confidential informants to substantiate the resulting RVRs (id.) and asks the court to review the documents in camera (id. at 18-19). Defendants object to the requests as a "fishing expedition" and say they are no different than the request for documents related to the use-of-force RVR (No. 6879219) that the court previously denied in April. (ECF No. 110 at 2-3.)

The undersigned again agrees with plaintiff that the files are potentially relevant to the extent they may substantiate defendant Paisoles' pattern or practice of issuing retaliatory false report RVRs. But having reviewed the deposition testimony, the undersigned finds the documents' potential probative value is still far outweighed by the burden on defendants in disclosing – especially where plaintiff already has considerable documentary and testimonial evidence regarding Pasioles' behavior during those investigations. Accordingly, the undersigned does not find good cause to reopen discovery to allow defendants to respond to plaintiff's request for documents relating to the seven staff misconduct complaints.

### V. Conclusion

Plaintiff's motion to modify the DSO is granted in part and denied in part. Defendants are ordered to construe requests Nos. 2, 4, and 5 in plaintiff's letter dated May 6, 2025, as proper requests for production under Rule 34 and respond per Rule 34(b)(2) within 30 days of this order. Plaintiff's receipt and use of the documents are subject to the Protective Order in the court's prior order (ECF No. 98). The undersigned denies plaintiff's motion to reopen discovery as to requests Nos. 1, 3, and 6. Defendants are under no obligation to respond to those requests.

1          **Any disputes regarding defendants' production of documents in requests Nos. 2, 4,**
2  **and 5 above must be resolved by the Informal Discovery Resolution procedures in the**
3  **undersigned's Civil Standing Order.**  Discovery shall otherwise remained closed and the
4  undersigned will not entertain any further discovery motions in this case.  By this order, the
5  undersigned will also set a dispositive motion deadline of March 16, 2026.

**DEFENDANTS' REQUEST TO SEAL**

**I.     The Parties' Arguments**

After plaintiff moved to modify the DSO (ECF No. 107), defendants filed a request to seal portions of that motion pursuant to Local Rule 141.  (ECF No. 111.)  Defendants claim that the following attachments to plaintiff's motion contain information that the court deemed confidential and subject to its Protective Order:

1. RVRs 1635925, 6933025, 6881616, 6887304, 6930985, 6879219, 7047290, 6983727, 6962779 (ECF No. 107 at 95-167); and

2. Inmate Appeal Log No. MCSP-A-19-04688 (ECF No. 107 at 220-236).

(Id. at 2.)  Defendants additionally seek to seal portions of plaintiff's motion at ECF No. 107 at 9, lines 17-27, and ECF No. 107 at 31, lines 18-22, that identify the incarcerated person in RVR Log No. 6879219 despite his name being redacted from the document.  (Id. at 2.)  In the alternative, defendants request that ECF No. 107 at 9, 31 be sealed in full.  (Id.)

Plaintiff opposes defendants' request to seal on grounds that the documents are heavily redacted and public policy favors disclosure.  (ECF No. 112.)  Plaintiff further argues that the court's Protective Order explicitly permits him to file confidential documents.  (Id.)

**II.    Analysis**

Under Local Rule 141(a), documents may be sealed only by written order of the Court, upon the showing required by applicable law.  The "Request to Seal Documents" shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information.  Local Rule 141(b).

"As a general rule, the public is permitted 'access to litigation documents and information

produced during discovery.'" In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (citations and quotations omitted).  Here, the nine RVRs and single inmate appeal that defendants seek to seal were released to plaintiff pursuant to the court's order dated March 5, 2025.[4]  Plaintiff's receipt and use of the documents were subject to the following Protective Order that expressly permitted plaintiff to file them on the Docket:

> The Court expressly limits plaintiff Alex Lamota Marti's use of the redacted grievances/appeals and RVRs to be disclosed by defendants (the "Protected Documents") to the following purpose: pursuit of his claims in this lawsuit. Plaintiff is prohibited from showing or otherwise disclosing any of the Protected Documents to any other incarcerated person or from filing any of the Protected Documents in a different lawsuit without a further prior order from this Court allowing such filing. Violation of this Protective Order by plaintiff may subject him to sanctions, including a recommendation that this lawsuit be dismissed. **However, this Protective Order does not prevent plaintiff from filing any of the Protected Documents in this lawsuit.**

(ECF No. 98 at 14-15 (emphasis added).)

Nevertheless, defendants, relying on Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002), argue that the presumption of the public's right of access is rebutted "[w]hen a party attaches a sealed discovery document to a nondispositive motion." (ECF No. 111 at 2.)  This argument is inapposite because the documents were not sealed.  See Local Rule 141.1(e) ("Documents that are the subject of a protective order may be filed under seal only if a sealing order is first obtained in compliance with L.R. 141.").  Moreover, the court ordered redactions to safeguard the third-party privacy interests that defendants claim provide good cause to seal: "[T]he court believes that a robust protective order, in combination with the redaction of witness information, will adequately account for defendants' remaining privacy concerns."  (Id. at 6.)  Accordingly, defendants' request to seal the RVRs and appeal is denied.

The undersigned will also deny defendants' request to seal plaintiff's identification of the incarcerated person named in RVR 6879219.  To be sure, plaintiff's use of the individual's name undermines the very purpose of redacting the documents.  However, the third-party privacy

---

[4] The undersigned ordered production of the nine RVRs after reconsidering the prior denial of plaintiff's motion to compel their release.  (ECF No. 98 at 8-9.)  The inmate appeal was released to plaintiff following in camera review pursuant to defendants' invocation of the official information privilege.  (Id. at 4-6.)

1  injury here is minimal because the individual's challenge to the RVR is a matter of public record
2  in Rodriguez v. Knight, et al., Case No. 2:19-cv-02552 DJC DB (E.D. Cal.), and the same RVR
3  documents appear on that Docket unredacted at ECF No. 73-4.  See Performance Chevrolet, Inc.
4  v. ADP Dealer Servs., Inc., No. 2:14-cv-2738 TLN AC, 2015 WL 13855488, at *1 (E.D. Cal.
5  Feb. 27, 2015) (noting courts generally deny requests to seal documents after the fact "where the
6  information contained in the documents is already in the public domain").

7  However, plaintiff's use of other incarcerated persons' information throughout this case
8  remains a concern.  The undersigned ordered redactions in part because plaintiff had referenced
9  and even attached the records of other incarcerated persons in his filings.  See ECF No. 98 at 6
10 (citing plaintiff's use of such third-party materials as a "particularized risk" warranting
11 redactions).  Plaintiff is instructed that going forward, he may not identify the incarcerated
12 persons involved in the redacted documents even if he knows them personally or is familiar with
13 their civil rights cases.

### PLAINTIFF'S MOTION TO LODGE VIDEO FOOTAGE

15 Finally, plaintiff asks the court to order defendants to lodge the fifteen preserved videos
16 from the incident on April 27, 2021, underlying his grievance.  (ECF No. 113.)  Plaintiff seeks to
17 lodge the videos to support his motion for reconsideration (ECF No. 103) and motion to modify
18 the DSO (ECF No. 107).  Plaintiff sent a letter to defense counsel on June 18, 2025, asking for
19 the videos to be lodged, but did not hear back.  Defendants did not respond to the motion.

20 Plaintiff's motion will be denied as moot.  Plaintiff's arguments in favor of lodging go to
21 the merits of the litigation but do not explain how they would aid the court in resolving the two
22 discovery-related motions.[5]  Regarding the reconsideration motion in particular, the undersigned
23 does not believe that viewing the videos is necessary to understand or properly evaluate
24 defendant Manning's deposition testimony regarding their content.

25 However, defense counsel's apparent refusal to lodge the videos at plaintiff's request is
26 troubling.  The court's March 5, 2025, protective order directed plaintiff to "contact defense

---

[5] Plaintiff references the video's importance to understanding the facility's "unexpected correctional architecture" and defendant La Rosa's specific actions.  (ECF No. 113 at 3-4.)

17

counsel regarding any requests to lodge the videos with the court." (ECF No. 98 at 14.) The undersigned denied plaintiff's request for possession of the videos in part based on defense counsel's assurances that the videos would be lodged on plaintiff's behalf when needed. (Id. at 10.) Going forward, defendants shall promptly lodge the videos at plaintiff's request pursuant to the court's order. Noncompliance with this directive may result in the imposition of sanctions for failure to comply with a discovery order. See Fed. R. Civ. P. 37(b)(2).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 103) is **GRANTED IN PART and DENIED IN PART.** The court reconsiders its prior order (ECF No. 90) as to the relevancy of the unpreserved video footage to plaintiff's claims and will allow plaintiff to present evidence and questioning to the jury on defendants' alleged failure to preserve the video footage under Federal Rule of Civil Procedure 37(e)(1). The motion is denied as to plaintiff's request for case dispositive and adverse inference sanctions under Rule 37(e)(2).

2. Plaintiff's motion to modify the discovery and scheduling order ("DSO") (ECF NO. 107) is **GRANTED IN PART AND DENIED IN PART** as follows:

  a. Discovery will be reopened solely for the purpose of requiring defendants to respond to plaintiff's letter dated May 6, 2025. Defendants are instructed to construe requests Nos. 2, 4, and 5 in that letter as proper requests for production under Rule 34 and respond per Rule 34(b)(2) within 30 days.

  b. Plaintiff's motion to reopen discovery is denied as to requests Nos. 1, 3, and 6, in the letter dated May 6, 2025.

  c. Any disputes regarding defendants' response to requests Nos. 2, 4, and 5, shall be resolved through the Informal Discovery Resolution procedures in the undersigned's Civil Standing Order. The deadline to submit requests for Informal Discovery Resolution is January 16, 2026. **Aside from a request for Informal Discovery Resolution, the court will not entertain any further discovery motions in this action.**

    d. The dispositive motion deadline is March 16, 2026.

  3. Defendants request to seal (ECF No. 111) under Local Rule 141 is **DENIED**.

  4. Plaintiff's motion for order for defendants to lodge video footage (ECF No. 113) is **DENIED** as moot without prejudice.

DATED: November 18, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE